(June 15, 1995)

■ The People of the State of New York, Respondent, v Miguel Madera, Appellant. [628 NYS2d 87] —Order of the Supreme Court, Bronx County (Gerald Sheindlin, J.), entered October 26, 1992, denying defendant's motion for suppression, is unanimously affirmed; judgment of the Supreme Court, Bronx County (John Stackhouse, J., at trial and sentence), rendered March 12, 1993, convicting defendant, after trial by jury, of criminal sale of a controlled substance in the third degree, and sentencing him, as a second felony offender, to a term of 5 to 10 years, is unanimously reversed, on the law, and the matter remanded for a new trial.

An undercover police officer testified that he made a buy of two glassine envelopes of heroin marked with the brand name "Miracle" from defendant. The undercover described defendant as having a mustache and goatee-like beard, wearing a green neon "Newport" baseball cap, white sweatshirt, tan pants, a rust-colored "bubble-type" vest and black boots. After

this description and defendant's location was transmitted to the backup team, defendant who was in that location and fit the description was apprehended. The undercover officer identified defendant in a confirmatory drive-by "show-up" a few minutes later.

While defendant's guilt of selling the heroin was established beyond a reasonable doubt by overwhelming evidence, defendant's right to be present during a material stage of his trial was violated when prospective jurors were questioned outside of defendant's presence (*People v Antommarchi*, 80 NY2d 247).

Jury selection commenced here some three months after the decision in *Antommarchi (supra)*. The record shows with respect to disputed sidebars that each time a conference was held at the bench only the presence of both counsel and the court was noted. Then, upon resumption of the trial in open court, the record mentions that fact and specifically notes the presence of defendant. In contrast, in other sidebars (to which defendant does not object), the record, taken by the same court reporter, specifically notes the presence of defendant as well as counsel and the court. Under these circumstances, we find that defendant's absence from the disputed sidebars is clearly apparent from the record, and there is no need to remand for a reconstruction hearing (*cf., People v Odiat*, 82 NY2d 872).

At least six prospective jurors were questioned in defendant's absence about their ability to be impartial. One of these individuals testified about her experience as a victim of a rape and two muggings, whether the crimes were drug related and her attitude toward the police. She was selected and served on the jury that convicted defendant. There was additional voir dire of this juror in open court, but it was not on the same subjects discussed at the sidebar from which defendant was absent. While a defendant's absence from a proceeding can be rectified by repeating the proceeding de novo for his benefit (*see, People v Favor*, 82 NY2d 254, 268), that did not occur with this juror. There is no need for us to explore the questioning of the other disputed jurors, since the sidebar voir dire of this juror alone without the presence of the defendant denied him his constitutional and statutory right to be present during a material stage of the proceedings: "The court may not, however, explore prospective jurors' backgrounds and their ability to weigh the evidence objectively unless defendant is present. Defendants are entitled to hear questions intended to search out a prospective juror's bias, hostility or predisposition to believe or discredit the testimony of potential witnesses and the venire person's answers so that they have the opportunity

to assess the juror's 'facial expressions, demeanor and other subliminal responses' (*see, People v Sloan,* 79 NY2d, at 392, *supra).*" (*People v Antommarchi, supra,* at 250.)

We have examined defendant's remaining contentions and find them to be without merit. Concur—Murphy, P. J., Rosenberger, Ellerin, Rubin and Nardelli, JJ.