OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be reversed, and the case remitted to the Appellate Division, First Department, in accordance with CPL 470.25 (2) (d) and CPL 470.40 (2) (b).
Defendant was charged with criminal sale and possession of a controlled substance in the third degree. He and his lawyer were "personally present” (CPL 260.20) at the Sandoval hearing, though no interpreter was present. Defense counsel, however, never requested an interpreter and made no objection to the Sandoval hearing going forward without one. Defendant was later convicted after a jury trial.
At the Appellate Division, defendant claimed for the first time that he was constructively absent from his Sandoval hearing due to the absence of an interpreter and that he should, therefore, be granted a new trial. The Appellate Division affirmed his conviction, holding that the argument was unpreserved (192 AD2d 425, lv denied 81 NY2d 1079). A year later, the Appellate Division granted reargument to defendant and concluded that he did not have to preserve this claim by advancing it in the first instance before the trial court (203 AD2d 172, 173). The Court overturned the conviction and ordered a new trial (id., at 174-177). A Judge of this Court granted leave to appeal to the People.
The dispositive and only question, bypassed by the dissenting opinion, is the need for trial court preservation, or not, of such a claim involving an interpreter at a Sandoval hearing *765 (compare, People v Dokes, 79 NY2d 656; see also, People v Ramos, 26 NY2d 272). The plain language of CPL 260.20 and its purpose support the conclusion that traditional trial court preservation rules apply when defendant is physically present with the lawyer.
CPL 260.20 gives a defendant the right to be "personally present during the trial of an indictment” (emphasis added). We have held that this right to be "personally present” at material stages of trial includes the Sandoval stage, and that defendants need not preserve alleged violations of this protection (People v Dokes, supra, at 662). No one quarrels with these settled propositions, nor with the unquestionable right of any defendant, upon request, to the assistance of an interpreter at any stage of a criminal proceeding. These merits concerns are not at issue here, however, since defendant concedes that he and his lawyer were personally present at the hearing (contrast, People v Dokes, supra), and no request for an interpreter was uttered to the trial court.
We conclude that maintaining customary preservation rules in a case such as this is prudent and a more definite, practical way to fairly satisfy the underlying purposes of the statute and attendant policies (compare, People v Gray, 86 NY2d 10, 19).