■ The People of the State of New York, Respondent, v Charles Torres, Defendant-Appellant. [638 NYS2d 7] —Judgment, Supreme Court, Bronx County (John Moore, J., at hearing; Robert Straus, J., at trial and sentence), rendered May 16, 1994, convicting defendant, after a jury trial, of criminal possession of a controlled substance in the third degree, and sentencing him, as a second felony offender, to a term of $4^{1}/_{2}$ to 9 years, unanimously affirmed.

Contrary to defendant's unpreserved contention, the arresting officer's testimony, which, after recounting the detailed description of the seller's clothing, race, height and gender received over the radio from an experienced undercover officer, was to the effect that defendant was arrested because he was "dressed the same" as the person described in the transmission, provided an ample factual basis on which to conclude that the seller and defendant were the same person, and that probable cause to arrest defendant therefore existed (*People v*

*Pared,* 205 AD2d 462, *lv denied* 84 NY2d 871). There was overwhelming evidence of defendant's intent to sell the drugs found in his possession, and this evidence was not undermined by the jury's inability to reach a verdict on the sale count (*People v Ortiz,* 170 AD2d 396, *lv denied* 77 NY2d 998; *People v Martinez,* 165 AD2d 788, *lv denied* 78 NY2d 924).

Defendant's claim that he was deprived of his right to be present during the questioning of prospective jurors at sidebar about their ability to be impartial is belied by a record showing that during a colloquy concerning whether it would be necessary to include defendant in sidebar conferences, the court noted, without contradiction, that the small size of the courtroom placed defendant in close proximity to the sidebar, "three steps" away, in any event, thereby demonstrating that defendant saw and heard the sidebar conferences (*People v Brown,* 221 AD2d 160; *People v Walker,* 202 AD2d 312, *lv denied* 83 NY2d 972).

We have examined defendant's other contentions and find them to be without merit. Concur—Milonas, J. P., Ellerin, Wallach, Kupferman and Williams, JJ.