■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANDRE DAVIDSON, Appellant. [638 NYS2d 86] —Judgment, Supreme Court, New York County (Clifford Scott, J.), rendered July 14, 1993, convicting defendant, after a trial by jury, of robbery in the first degree and robbery in the second degree and sentencing him, as a second felony offender, to concurrent terms of $12^1/_2$ to 25 years and $7^1/_2$ to 15 years, respectively, reversed, on the law, and the matter remanded for a new trial.

Upon defendant's appeal, this Court remanded for a reconstruction hearing to resolve certain factual issues regarding the voir dire, which, over defense counsel's objection, had not been recorded (210 AD2d 76). After reviewing the factual find-

ings of the reconstruction court, which are in all significant aspects undisputed, we find that defendant was deprived of his right to be present at essential stages of that voir dire, and that his conviction must, as a result, be reversed.

Initially, we note that, as to six of the sidebar colloquies with potential jurors at which, defendant argues, he was deprived of his right to be present, the testimony at the reconstruction hearing conclusively established that the jurors in question were not ultimately selected to sit on the jury. This Court has held that, under these circumstances, vacatur of the conviction is not warranted (*People v Roman*, 217 AD2d 473, *lv granted* 86 NY2d 848; *People v Starks*, 216 AD2d 120, *lv granted* 86 NY2d 847).

However, as to the seventh prospective juror as to whom defendant made this argument, the evidence shows that the juror did, in fact, ultimately serve. Moreover, the evidence reveals that defendant, who was seated 10 feet from the Bench and could not possibly have heard the exchange, was clearly deprived of his right to be present at the bench conference with this prospective juror (*People v Antommarchi*, 80 NY2d 247).

Moreover, we reject the prosecution's argument that the court's instruction to defense counsel following the colloquy to "explain it to [the defendant]" adequately addressed defendant's right to be present. The court made no attempt to replicate *de novo* for the defendant the events which had occurred at the sidebar in his absence (*cf.*, *People v Starks*, *supra*; *People v Madera*, 216 AD2d 89).

Furthermore, we reject the prosecution's argument that this argument is not preserved for our review under *People v Robles* (86 NY2d 763), because counsel failed to object to the inadequacy of this procedure as a vehicle for informing the defendant of the matters which had transpired in his absence at the sidebar. In *Robles*, the Court held that normal preservation rules apply to claims that a defendant was constructively absent, i.e., without an interpreter, from a hearing when both he and his attorney were physically present.

In this case, contrary to *Robles*, it is clear that the defendant was not physically present at the sidebar and the court was obviously on notice that he was absent. In any case, even were normal rules of preservation to apply (*but see*, *People v Antommarchi*, *supra*, at 250), we would find that the within claim was preserved. At the outset of voir dire, when the court announced its intention to "play it by ear" regarding whether it would permit defendant to be present at sidebars, defense

counsel clearly and unequivocally informed the court that he would not waive his client's presence at any sidebar voir dire. Moreover, when the prospective juror in question first approached the Bench in response to a question by the court regarding prior convictions, defense counsel specifically requested that defendant be allowed to be present, which request was denied. Thus, inasmuch as counsel had already made his position regarding the necessity of defendant's presence completely clear, he was not required, as the prosecution now contends, to further inform the court that he did not concur in the alternative procedure of informing his client himself as to what had occurred. Nor is there merit to the prosecution's argument that defendant himself was required to bring to the court's attention that he did not feel he had been adequately afforded his right to be present.

Thus, the uncontradicted evidence at the reconstruction hearing leaves no doubt that defendant was deprived of his right to be present. His conviction must therefore be reversed, and the matter remanded for a new trial. Concur—Ellerin, J. P., Williams and Tom, JJ.

Kupferman, J., dissents in a memorandum as follows: I dissent and would affirm the conviction.

The evidence of guilt was overwhelming and so we are faced with the question only of whether a new trial should be granted because the defendant was not present during the whole of the colloquy with one who became a member of the jury and had sidebar discussion (see, People v Antommarchi, 80 NY2d 247).

As the majority indicates, the Trial Judge "play[ed] it by ear" and in doing so, recognized during the sidebar discussion that defendant's Antommarchi rights were implicated and ordered that he be brought to the Bench. The prospective juror was talking about two old prior arrests for civil disobedience. The defendant was present for the last part of the discussion. The Trial Judge told defense counsel to explain to the defendant what had occurred. At the reconstruction hearing, we were told that defense counsel had not in fact explained it to the defendant, but simply told him "this guy is good for us". The Trial Judge was not earlier informed that the defendant had not been given the reason that made this juror satisfactory to the defense although, of course, we know why he was satisfactory.

As the Court of Appeals concluded in People v Robles (86 NY2d 763, 765), in reversing this Court, "maintaining customary preservation rules in a case such as this is prudent and a more definite, practical way to fairly satisfy the underlying purposes of the statute and attendant policies".

No one objected, no one raised an issue, and the Trial Judge noted the problem immediately and called for the defendant to be present.