THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALONSO RAQUEL, Appellant. [644 NYS2d 619]

Defendant's contention that the trial court improperly closed the courtroom during the testimony of the arresting officer, who had been reassigned to undercover narcotics duty, is unpreserved for appellate review, since defense counsel never objected to the closure and never even challenged the officer's testimony that his safety would be endangered by testifying in open court (People v Brown, 216 AD2d 100, lv denied 86 NY2d 872). We decline to review the claim in the interest of justice. Were we to review it, we would find it to be without merit, the evidence adduced at the hearing being sufficient to satisfy the requirements for closing the courtroom (People v Badillo, 207 AD2d 742, lv denied 84 NY2d 1009). To the extent that defendant now complains that the officer did not provide enough details concerning the undercover cases he was working on, which were described as near the courthouse and the site where defendant was arrested, or that the court could have utilized other, narrower means to insure the officer's safety, these matters were not raised by defense counsel and were therefore waived (supra, at 743).

We have considered defendant's argument that he was unduly prejudiced by the prosecutor's summation comments and

find that it is largely unpreserved and, in any event, without merit. Concur—Sullivan, J. P., Milonas, Wallach, Ross and Nardelli, JJ.