■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTONIO CONTRERO, Appellant. [647 NYS2d 775] —Judgment, Supreme Court, Bronx County (Arlene Silverman, J.), rendered December 14, 1992, convicting defendant, after a jury trial, of

criminal sale of a controlled substance in the third degree, and sentencing him, as a second felony offender, to a term of $4^1/_2$ to 9 years, unanimously affirmed.

According due deference to the hearing court's findings of fact and credibility (*People v Rivera*, 121 AD2d 166, *affd* 68 NY2d 786), the testimony at the suppression hearing showed that, within minutes of an alleged drug sale, defendant was searched by the arresting officer for needles or weapons, items commonly associated with drug transactions and easily secreted in a waist pouch (*see, People v Smith*, 59 NY2d 454, 458-459). As there is no evidence that, at the time of the search, defendant's waist pouch was "safely in the possession of the arresting officer" (*People v Rosado*, 214 AD2d 375, 376, *lv denied* 86 NY2d 740), the search of the pouch was a proper search incident to arrest.

The record demonstrates that defendant made a knowing, intelligent and voluntary waiver of his right to be present at sidebar and robing room questioning of prospective jurors, both expressly and by subsequent failure to enter any objection when the court stated, on the record and in defendant's presence, the nature of the questions that would be asked (*see, People v Spotford*, 85 NY2d 593, 597-598). As a practical matter, responses to those questions, which might have prompted clarifying questions, did not exceed the scope of defendant's waiver (*supra*, at 598-599).

The court's response to an individual juror's note involved a procedural question and the procedure utilized by the court in responding arose out of consultation with counsel. In any event, the court stated on the record, in open court and in defendant's presence, the nature of the individual juror's question and its response thereto, thereby rendering defendant's presence at the initial sidebar discussion unnecessary (*see, People v Roman*, 88 NY2d 18, 27). We reject defendant's argument that the court's response to the individual juror's question constituted "supplemental instruction"; the procedural provisions of CPL 310.30 apply to deliberating juries, and thus are inapplicable in the present circumstances.

Defendant failed to preserve his current claim that the trial court improperly directed closure of the courtroom during the undercover officer's testimony (*People v Raquel*, 228 AD2d 365) and we decline to review the claim in the interest of justice. Concur—Rosenberger, J. P., Ellerin, Williams, Mazzarelli and Andrias, JJ.