■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LEAFORD BENNETT, Appellant. [655 NYS2d 509] —Appeal from judgment, Supreme Court, Bronx County (Elbert Hinkson, J.), rendered November 29, 1994, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third degree, and sentencing him, as a second felony offender, to concurrent terms of 6 to 12 years, held in abeyance, and the matter remanded to the Supreme Court for purposes of conducting a reconstruction hearing.

At the commencement of jury selection, the following colloquy took place between defense counsel and the defendant:

"[Counsel]: Leaford, we're going to be bringing jurors up with the District Attorney and myself and the Judge questioning them, if they have a problem sitting on the jury, if they have a medical problem, or if they have a scheduling problem.

"By law, you're really entitled to be here if you want. However, it serves no purpose for you to be right up here at the bench. It creates more of a problem than anything else.

"If there is anything substantive that they want to discuss about the case or about you, I will request that you be brought up. But for any conferences having to do with scheduling, with medical reasons, why they can't sit, or with something of that nature, I am consenting to have you remain at the table, so you don't have to be here. Do you understand that?

"[Appellant]: I understand.

"[The Court]: We do have your consent, right?

"[Appellant]: Yeah.

"[The Court]: Thank you."

Thereafter, four rounds of jury selection were conducted, and numerous prospective jurors were excused either for cause, upon consent, or by peremptory challenge.

A reconstruction hearing is warranted because the record does not reveal whether the defendant was absent or effectively

denied the opportunity to provide input regarding his attorney's discretionary decision to excuse certain jurors, either by peremptory challenge or consensual excusal, in violation of his statutory rights pursuant to CPL 260.20 (*People v Davidson*, 210 AD2d 76, *after remand* 224 AD2d 354, *affd* 89 NY2d 881).

Although a defendant may waive the statutory right to be present at the sidebar voir dire of prospective jurors (*see, People v Paterson*, 227 AD2d 348, *lv denied* 88 NY2d 991), the colloquy recited above reveals an ambiguity as to the validity and scope of such waiver (*cf., People v Contrero*, 232 AD2d 213). Unlike *Contrero*, the defendant was not unambiguously made aware of the nature of the questions that would be asked in his absence *(supra,* at 214). While counsel explicitly informed the defendant that he was consenting to absent himself from discussions of medical and scheduling problems, he mentioned that the defendant could still attend discussions about substantive issues, and assured the defendant that if he felt the defendant's presence would be needed, he would request it. Since "[t]he record should establish * * * by the defendant's own statements or responses, or other appropriate showing (*see, People v Seaberg,* [74 NY2d 1, 10]), that he understands the rights which he is surrendering" (*People v Ramos,* 152 AD2d 209, 212), we defer review of this issue until reconstruction of the fullest record possible (*see, People v Davidson,* 210 AD2d 76, *after remand* 224 AD2d 354, *affd* 89 NY2d 881, *supra).* Concur—Sullivan, J. P., Rosenberger, Tom and Andrias, JJ.