(April 21, 1998)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JEROME ROBINSON, Appellant. [672 NYS2d 20] —Judgment, Supreme Court, New York County (Clifford Scott, J., at trial and sentence; Nicholas Figueroa, J., at reconstruction hearing), rendered April 6, 1993, convicting defendant, after a jury trial, of robbery in the first degree and grand larceny in the fourth degree, and sentencing him, as a second violent felony offender, to concurrent terms of 12½ to 25 years and 1½ to 3 years, respectively, unanimously affirmed.

When this appeal was previously before us (*People v Robinson,* 239 AD2d 258), we rejected defendant's claims regarding the sufficiency of the evidence, the prosecutor's alleged violation of the court's *Sandoval* ruling and the severity of his sentence. We also found unpreserved defendant's assertion that he was improperly excluded from a sidebar with a prospective juror. However, we held the appeal in abeyance and remanded this matter to the Supreme Court for a reconstruction hearing to determine, if possible, whether a second juror excused by the court "on consent," was excused for cause or by defense counsel's discretionary choice. Supreme Court has complied with our instructions and determined that the juror was excused for cause.

We agree with the reconstruction court that the People met their burden of proving that the juror in question was excused for cause (*see, People v Childs,* 247 AD2d 319). The notes of each trial attorney indicate that this juror had stated during voir dire that her verdict might be "colored," because she had a friend who was an attorney. The reconstruction court found that this would have constituted a valid basis for a cause challenge.

The voir dire record further established that in every instance where a cause challenge was made, the Trial Justice asked the attorney for the other side whether it would "consent" to the dismissal for cause. Thus, as the reconstruction court found, a clear nexus was established between the exercise of cause challenges and the Trial Justice's use of the term "consent". Lastly, the trial prosecutor's notes included the notation "cause" under this juror's name, and the prosecutor testified at the reconstruction hearing that the notation was meant to indicate that the juror was dismissed for cause. Thus, ample evidence exists to support the determination of the reconstruction court (see, People v Childs, supra).

Since we uphold the finding that this juror was dismissed for cause, defendant's absence from the sidebar discussion does not warrant reversal (People v Maher, 89 NY2d 318, 325; People v Roman, 88 NY2d 18, 28). Concur—Sullivan, J. P., Rosenberger, Mazzarelli and Andrias, JJ.