■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MANUEL HOGAN, Also Known as SAMUEL HUGGINS, Appellant. [672 NYS2d 721] —Judgment, Supreme Court, Bronx County (Joseph Cerbone, J.), rendered August 17, 1995, convicting defendant, after a jury trial, of attempted escape in the first degree, and sentencing him, as a second felony offender, to a term of 2 to 4 years, unanimously affirmed.

Review of defendant's claim that he was denied his right to be present at robing room discussions with prospective jurors is precluded, since defendant has failed to provide this Court with a record showing any such absence (*see, People v Maher*, 89 NY2d 318, 325; *People v Kinchen*, 60 NY2d 772). The existing record, viewed as whole, establishes defendant's presence at the robing room proceedings in question (*see, People v Styles*, 237 AD2d 206, *lv denied* 90 NY2d 864; *People v Rivera*, 225 AD2d 360, *lv denied* 88 NY2d 941). Concur—Milonas, J. P., Wallach, Tom, Mazzarelli and Saxe, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. TARVA JONES, Respondent, v NEW YORK STATE DIVISION OF PAROLE et al., Appellants. [672 NYS2d 722] —Appeal from order, Supreme Court, Bronx County (Joseph Fisch, J.), entered April 10, 1996, which granted petitioner's writ of habeas corpus, vacated a parole violation detainer, released petitioner from incarceration and restored him to parole supervision, unanimously dismissed, without costs.

Since the relator's maximum term of imprisonment has expired, the appeal has been rendered moot (*see, Matter of Stephens v New York State Div. of Parole*, 135 AD2d 637). Under the circumstances, we find that this case does not present a question that would warrant invocation of any exception to the mootness doctrine. Concur—Milonas, J. P., Wallach, Tom, Mazzarelli and Saxe, JJ.