■ In the Matter of EBONY MONIQUE A., a Child Alleged to be Permanently Neglected. ANTHONY A., Appellant; ABBOTT HOUSE, Respondent. [696 NYS2d 412] —Appeal from dispositional order, Family Court, Bronx County (Alma Cordova, J.), entered on or about January 13, 1997, which, upon respondent-appellant father's default at both fact-finding and dispositional hearings, terminated his parental rights to the subject child on the ground of permanent neglect pursuant to Social Services Law § 384-b and committed guardianship and custody of the subject child to petitioner and the Commissioner of Social Services for purposes of adoption, unanimously dismissed, without costs.

No appeal lies from an order such as the one here appealed entered on the appealing party's default (CPLR 5511). We note that no appeal has been taken from the order denying appellant's motion to vacate his defaults. Concur—Sullivan, J. P., Nardelli, Wallach, Andrias and Buckley, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FRANCISCO GARCIA, Appellant. [697 NYS2d 8] —Judgment, Supreme Court, Bronx County (Harold Silverman, J.), rendered September 13, 1996, convicting defendant, after a jury trial, of robbery in the first degree, and sentencing him to a term of $2^1/2$ to $7^1/2$ years, unanimously affirmed.

Review of defendant's claim that he was denied his right to be present at robing room discussions with prospective jurors is precluded, since defendant has failed to provide this Court with a record showing any such absence (see, People v Maher, 89 NY2d 318, 325; People v Kinchen, 60 NY2d 772). The existing record, which contains two days of voir dire transcribed by different reporters, viewed as a whole together with the reasonable inferences that may be drawn therefrom, establishes instead that defendant was present at the robing room proceedings in question (People v Hogan, 251 AD2d 43, lv denied 92 NY2d 926; People v Styles, 237 AD2d 206, lv denied 90 NY2d 864; People v Rivera, 225 AD2d 360, lv denied 88 NY2d 941). In any event, each of the prospective jurors in question was excused on "consent" after expressing some degree of bias against defendant. Therefore, each of the excusals was in the nature of an uncontested excusal for cause, and thus defendant could not have made a meaningful contribution to any of the robing room proceedings. Concur—Sullivan, J. P., Nardelli, Wallach, Andrias and Buckley, JJ.