■ The People of the State of New York, Respondent, v Ronnie Lucious, Appellant. [704 NYS2d 758] —Case held, decision reserved and matter remitted to Supreme Court for further proceedings in accordance with the following Memorandum: Defendant appeals from a judgment convicting him of attempted assault in the first degree (Penal Law §§ 110.00, 120.10), criminal possession of a weapon in the second degree (Penal Law § 265.03), robbery in the third degree (Penal Law § 160.05), and two counts of robbery in the first degree (Penal Law § 160.15 [4]). Defendant was sentenced to various indeter-

minate terms of incarceration, some consecutive and some concurrent, aggregating 17⅓ to 52 years.

On appeal, defendant contends that he was deprived of his right to be present at all material stages of the trial by Supreme Court's questioning of prospective jurors outside defendant's presence; that the sentences imposed on the two counts of robbery in the first degree must be modified to run concurrently; and that the court erred in refusing to charge robbery in the third degree as a lesser included offense of robbery in the first degree.

A defendant has a fundamental statutory right to be present at all material stages of his trial (*see generally, People v Dokes*, 79 NY2d 656, 659-660; CPL 260.20). The right to be present has been held to extend to the impaneling of the jury (*see, People v Velasco*, 77 NY2d 469, 472; *People v Mullen*, 44 NY2d 1, 4). A recurring issue is whether a defendant has the right to be present during sidebar discussions relating to the qualifications of jurors or prospective jurors. A defendant's right to be present depends on the subject matter of the discussions. A defendant's right to be present is not violated where the sidebar discussions relate to juror qualifications such as physical impairments, family obligations or work commitments (*see, People v Camacho*, 90 NY2d 558, 561; *People v Antommarchi*, 80 NY2d 247, 250, *rearg denied* 81 NY2d 759). On the other hand, a sidebar interview that concerns a juror's background, bias or hostility, or ability to weigh the evidence objectively is a material stage of trial at which a defendant has a right to be present (*see, People v Antommarchi, supra*, at 250; *see also, People v Maher*, 89 NY2d 318, 324; *People v Sloan*, 79 NY2d 386, 392-393). In the latter situation, defense counsel's purported waiver of that right outside defendant's presence would be ineffective (*see, People v Antommarchi, supra*, at 250), and a waiver by defendant will not be inferred from a silent record (*see, People v McCullough*, 248 AD2d 938, 939). Further, a defendant is not required to object to his exclusion from voir dire in order to preserve a claim that he was denied his right to be present (*see, People v Antommarchi, supra*, at 250; *People v Mangan*, 258 AD2d 819, *lv denied* 93 NY2d 927). Nevertheless, "[t]he right to be present during sidebar questioning of prospective jurors on matters of bias or prejudice may be waived by a voluntary, knowing, and intelligent choice" (*People v Williams*, 92 NY2d 993, 996, citing *People v Vargas*, 88 NY2d 363, 375-376).

Notwithstanding the foregoing, the law recognizes a distinction between those *Antommarchi* violations that require

reversal and those that are harmless error. Generally, where the prospective juror was excused by stipulation of the parties, by defense counsel's peremptory challenge, or otherwise as a result of defense counsel's discretionary decision, the *Antommarchi* violation will result in a reversal of defendant's conviction (*see, People v Davidson*, 89 NY2d 881, 883). In that instance, defendant may be deemed to have been deprived of the opportunity to provide "valuable input regarding his attorney's discretionary decision" (*People v Davidson, supra*, at 883; *see generally, People v Sloan, supra*, at 392). On the other hand, where it appears from the record that the prospective juror was excused by the court based on a challenge for cause or the People's peremptory challenge, the violation of defendant's *Antommarchi* rights will be deemed harmless error. In those circumstances, defendant's contribution would have been superfluous (*see, People v Maher, supra*, at 325; *People v Vargas, supra*, at 378; *People v Roman*, 88 NY2d 18, 26-28, *rearg denied* 88 NY2d 920).

Based on the record before us, we are unable to apply the foregoing principles in order to determine whether there was a violation of defendant's right to be present at a critical stage of trial and, if so, whether reversal is required. The transcript of voir dire reveals that the court and attorneys each questioned the prospective jurors on the record, in a group, individually and privately, with regard to various matters. Defendant contends that he was excluded from recorded sidebar discussions among the court, attorneys, and at least seven prospective jurors. In most instances, the record indicates that the attorneys and the prospective juror approached the bench but does not indicate whether defendant was also present. The People concede that defendant was absent from sidebar discussions. They contend, however, that the record does not indicate whether defendant waived his right to be present during those sidebar discussions. Defendant also contends that he was deprived of his right to confer with counsel before a ruling was made with respect to the service of each prospective juror. The record does not enable us to determine what transpired following the sidebar discussions, when dispositions or rulings were made with respect to the service of each prospective juror. Such information is critical to resolution of defendant's *Antommarchi* claim. Although only one of the jurors in question served, the record does not specify whether the others were excused by the court or on consent of the parties; whether the prospective jurors were challenged for cause or peremptorily challenged; or who made such challenges. In the absence of such information, we cannot resolve defendant's *Antommarchi*

claim. We thus hold the case, reserve decision, and remit the matter to Supreme Court for a reconstruction hearing on this issue (*see, People v Tor,* 254 AD2d 214; *People v McCullough, supra; People v Ramos,* 245 AD2d 314, 315).

Defendant's remaining contentions lack merit. The record establishes that defendant committed separate acts of forcible stealing at distinct times in distinct locations, and thus consecutive sentences are authorized (*see, People v Yong Yun Lee,* 92 NY2d 987, 989; *People v Ramirez,* 89 NY2d 444, 452-454) even though there was but a single extended transaction (*see, People v Niles,* 258 AD2d 478, *lv denied* 93 NY2d 877; *People v Watts,* 251 AD2d 687, 688, *lv denied* 92 NY2d 931) and a single victim (*see, People v Johnson,* 243 AD2d 997, 998-999, *lv denied* 91 NY2d 927; *People v Beecher,* 225 AD2d 943, 946; *People v Brown,* 66 AD2d 223, 226).

By finding defendant guilty of robbery in the first degree as opposed to robbery in the second degree, the jury necessarily eliminated all lesser degrees of robbery and determined that there was no reasonable view of the evidence supporting any more remote lesser included offense. Thus, no prejudice could have resulted from the court's refusal to charge robbery in the third degree as a further lesser included offense (*see, People v Boettcher,* 69 NY2d 174, 180; *People v Richette,* 33 NY2d 42, 45-46). (Appeal from Judgment of Supreme Court, Monroe County, Mark, J.—Robbery, 1st Degree.) Present—Green, A. P. J., Pine, Pigott, Jr., and Scudder, JJ.