■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BORYS DIAZ, Appellant. [706 NYS2d 23] —Judgment, Supreme Court, Bronx County (Ira Globerman, J.), rendered April 2, 1996, convicting defendant, after a jury trial, of murder in the second degree and conspiracy in the second degree, and sentencing him to consecutive terms of 25 years to life and 8⅓ to 25 years, unanimously affirmed.

This matter was remanded to the trial court by our order entered June 29, 1999 (262 AD2d 255) for a reconstruction hearing on the issue of whether four prospective jurors were excused for cause notwithstanding the notation that they were excused on consent. The trial court conducted the hearing on October 22, 1999, at which prior defense counsel and the trial Assistant District Attorney testified. The court, relying also on its own documentation and recall, found that the jurors were clearly excused for cause, but that out of deference to those jurors' possible sensitivities, the court had read out, and the clerk recorded, that they were excused on consent rather than for cause (*see, e.g., People v Robinson*, 249 AD2d 115, *lv denied* 92 NY2d 859; *People v Childs*, 247 AD2d 319, *lv denied* 92 NY2d 849). The transcript of the reconstruction hearing supports that finding, especially insofar as those potential jurors either were, or were related to, law enforcement personnel.

Nor do we find any basis to disturb the court's findings. As we have recently noted, such excusals are "in the nature of an uncontested excusal for cause, and thus defendant could not have made a meaningful contribution" to any of the sidebar discussions with the jurors (*People v Garcia*, 265 AD2d 171). As such, defendant's *Antommarchi* claim is meritless. The challenge to the corroboration charge is unpreserved (*People v James*, 75 NY2d 874). In any event, that and the remaining claims also are meritless. Concur—Nardelli, J. P., Williams, Tom, Lerner and Friedman, JJ.