The People of the State of New York, Respondent, v Kassem M. Alshoaibi, Appellant. (Appeal No. 1.) [711 NYS2d 646] —Judgment unanimously modified on the law and as modified affirmed and matter remitted to Erie County Court for resentencing under counts 13, 14, 15, 16 and 18 of the indictment in accordance with the following Memorandum: Defendant was charged with, *inter alia*, two counts of vehicular manslaughter in the first degree (Penal Law § 125.13). Pursuant to CPL 200.60, the People filed a special information to support the necessary enhancing elements of those counts, alleging that defendant knew or had reason to know that his license was revoked based upon his failure to submit to a chemical test pursuant to section 1194 of the Vehicle and Traffic Law (*see,* Penal Law § 125.13 [2] [b]). When County Court attempted to arraign defendant upon the special information following jury selection, defendant refused to admit, deny, or remain mute on the allegations contained in the special infor-

mation (see, CPL 200.60 [3]), arguing instead that CPL 200.60 did not apply because there was no prior conviction. Contrary to defendant's contention, however, CPL 200.60 applies both to convictions and conviction-related facts (see, People v Cooper, 78 NY2d 476, 482-483; People v Orlen, 170 Misc 2d 737, 740-741). In any event, CPL 200.60 is designed to protect defendant from prejudice that may result from permitting a jury to learn of prior convictions or conviction-related facts (see, People v Cooper, supra, at 481-483). Where, as here, defendant refused to admit the enhancing element of an offense, the People were required to submit evidence establishing all elements of the offense charged. Contrary to defendant's contention, the evidence introduced by the People was relevant to establish all the elements of vehicular manslaughter in the first degree.

Defendant contends that the result of the blood test should have been suppressed because the applicant for the court order directing defendant to submit to the blood test failed to identify the names of any witnesses to the accident. We disagree. The arresting officer applied for the order, and upon being placed under oath, stated that she arrived at the accident scene and observed defendant at the wheel of his vehicle in an unconscious state and smelled a strong odor of alcohol. The officer further stated that at least one of the pedestrians struck by defendant's vehicle was seriously injured. Defendant was unable to give consent to the blood test because he remained unconscious at the hospital. The information provided by the officer in support of the order established that, based upon the totality of the circumstances, there was reasonable cause to believe that defendant was operating a motor vehicle in violation of section 1192 of the Vehicle and Traffic Law and was unable to consent to the blood test (see, Vehicle and Traffic Law § 1194 [3] [d] [2]).

Defendant contends that the court erred in allowing a police officer to bolster the testimony of a prior witness. The general protest by defendant to that testimony is insufficient to preserve his present contention for our review (see, CPL 470.05 [2]; People v West, 56 NY2d 662, 663). In any event, any error is harmless; the proof of defendant's guilt is overwhelming, and there is no significant probability that defendant would have been acquitted but for the error (see, People v Crimmins, 36 NY2d 230, 241-242; People v Usher, 265 AD2d 813, lv denied 94 NY2d 886).

Contrary to defendant's further contention, the court did not improvidently exercise its discretion in allowing the People to cross-examine a defense witness concerning collateral matters

that were designed to impeach his credibility (*see, People v Pritchett,* 248 AD2d 967, 968, *lv denied* 92 NY2d 929). Defendant further contends that reversal is required based on misconduct by the prosecutor during his opening and closing statements. Defendant failed to preserve that contention for our review (*see,* CPL 470.05 [2]). In any event, the comments made by the prosecutor were not so inflammatory or egregious as to amount to a denial of due process (*see, People v Mitchell,* 270 AD2d 859).

Defendant contends that the court erred in refusing to charge unlicensed operation of a motor vehicle (Vehicle and Traffic Law § 509 [1]) as a lesser included offense of aggravated unlicensed operation of a motor vehicle in the first degree (Vehicle and Traffic Law § 511 [3] [a]). That contention is foreclosed by the jury's verdict finding him guilty of aggravated unlicensed operation of a motor vehicle in the first degree and the jury's implicit rejection of the charged lesser-included offenses of aggravated unlicensed operation of a motor vehicle in the second and third degrees (*see, People v Boettcher,* 69 NY2d 174, 180; *People v Richette,* 33 NY2d 42, 45-46; *People v Broadie,* 221 AD2d 352, 353, *lv denied* 87 NY2d 1017; *see also, People v Lucious,* 269 AD2d 766).

Considering the circumstances of this offense, we conclude that the sentence is neither unduly harsh nor severe. We conclude, however, that the sentence imposed on each of the three counts of leaving the scene of an incident without reporting (Vehicle and Traffic Law § 600 [2]) is illegal. Where, as here, defendant's conduct constitutes a class E felony, Vehicle and Traffic Law § 600 (2) (b) allows a term of imprisonment (*see,* Penal Law § 70.00 [2] [e]; [3] [b]), but not a fine. The court also imposed illegal sentences on the count of reckless driving, an unclassified misdemeanor (*see,* Vehicle and Traffic Law §§ 1212, 1801), and on one of the counts of speeding (*see,* Vehicle and Traffic Law § 1180 [d] [1]; [h] [1]). We thus modify the judgment by vacating the sentences imposed under counts 13, 14, 15, 16 and 18 of the indictment, and we remit the matter to Erie County Court for resentencing on those counts.

We have considered defendant's remaining contentions and conclude that they are lacking in merit. (Appeal from Judgment of Erie County Court, DiTullio, J.—Manslaughter, 2nd Degree.) Present—Pine, J. P., Hayes, Wisner, Scudder and Kehoe, JJ.