■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LUIS VALENTINE, Appellant. [730 NYS2d 861] —Judgment, Supreme Court, Bronx County (Efrain Alvarado, J.), rendered February 20, 1998, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree (three counts) and criminal possession of a controlled substance in the third degree, and sentencing him, as a second felony offender, to four concurrent terms of 7½ to 15 years, unanimously affirmed.

The verdict was based on legally sufficient evidence and was not against the weight of the evidence. There is no basis upon which to disturb the jury's determinations concerning credibility (*see, People v Gaimari*, 176 NY 84, 94).

The court's *Sandoval* ruling balanced the appropriate factors and was a proper exercise of discretion (*see, People v Walker*, 83 NY2d 455, 458-459; *People v Mattiace*, 77 NY2d 269, 275-276; *People v Pavao*, 59 NY2d 282, 292). The underlying facts of defendant's 1989 attempted drug sale conviction were highly relevant in view of defendant's testimony and the court prevented undue prejudice to defendant by precluding inquiry into the nature and underlying facts of other drug convictions.

We perceive no basis for reduction of sentence. Concur—Tom, J. P., Andrias, Wallach and Buckley, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. NEIL OLAN, Respondent, v NEW YORK STATE DIVISION OF PAROLE et al., Appellants. [730 NYS2d 860] —Appeal from order, Supreme Court, Bronx County (John Byrne, J.), entered on or about April 7, 1999, which, *inter alia*, granted petitioner's writ of habeas corpus and restored him to parole supervision, unanimously dismissed, without costs.

Since petitioner's maximum term of imprisonment has expired, the appeal has been rendered moot (*see, People ex rel. Jones v New York State Div. of Parole*, 251 AD2d 43). There are no circumstances present that would warrant invocation of any exception to the mootness doctrine. Concur—Tom, J. P., Andrias, Wallach and Buckley, JJ.