■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RONALD COHEN, Appellant. [753 NYS2d 796] —Appeal from a judgment of Erie County Court (McCarthy, J.), entered March 21, 2000, convicting defendant after a jury trial of, inter alia, burglary in the second degree.

It is hereby ordered that the case is held, the decision is reserved and the matter is remitted to Erie County Court for further proceedings in accordance with the following memoran-

dum: Defendant appeals from a judgment convicting him after a jury trial of, inter alia, burglary in the second degree (Penal Law § 140.25 [2]). Defendant failed to preserve for our review his contention that he was deprived of a fair trial by prosecutorial misconduct during summation (*see* CPL 470.05 [2]). In any event, "the comments made by the prosecutor [during summation] were not so inflammatory or egregious as to amount to a denial of due process" (*People v Alshoaibi,* 273 AD2d 871, 873). We reject defendant's further contention that the sentence is unduly harsh and severe.

We are unable to discern from this record whether defendant was present at sidebar conferences during jury selection and thus are unable to determine whether defendant's right to be present at a material stage of the trial was violated. "[A] sidebar interview that concerns a juror's background, bias or hostility, or ability to weigh the evidence objectively is a material stage of trial at which a defendant has a right to be present * * *, and a waiver by defendant [of that right] will not be inferred from a silent record" (*People v Lucious,* 269 AD2d 766, 767). In addition, because at least two prospective jurors were excused by stipulation of the parties, any failure to include defendant in sidebar conferences concerning those prospective jurors would not be harmless error (*see id.* at 768). We therefore hold the case, reserve decision and remit the matter to Erie County Court for a reconstruction hearing on this issue (*see id.* at 769). Present—Green, J.P., Wisner, Scudder, Burns and Hayes, JJ.