■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALFREDO RODRIGUEZ, Appellant. [798 NYS2d 433]—

Judgment, Supreme Court, Bronx County (Margaret Clancy, J.), rendered April 30, 2002, convicting defendant, after a jury trial, of assault in the first degree, and sentencing him, as a persistent violent felony offender, to a term of 25 years to life, unanimously reversed, on the law, and the matter remanded for a new trial.

The prosecution produced legally sufficient evidence establishing that defendant committed a violent assault against the victim by shooting him multiple times, allegedly due to the victim's desire to leave the gang of which both defendant and the victim were members. However, defendant's conviction must be reversed and a new trial ordered on the ground that defendant's right to be present at a material stage of his trial was violated (*People v Antommarchi*, 80 NY2d 247 [1992]).

During voir dire, one of the prospective jurors indicated in open court that he "had a problem with the law one time in 1978," and the court asked him to approach the bench. The court and counsel were present at the ensuing sidebar, but the People concede that defendant was absent. The juror revealed that he had a misdemeanor conviction for gun possession, for which he received a sentence of three years' probation.

When the court asked him if he could be fair, the juror responded "[To] be honest, I love the law, that is all I watch on TV." When the court reminded him that "[t]his is not like TV," he responded, "I have a very good picture and idea of the system." The court then asked whether there was anything else he wanted to say to the parties, to which he responded, "I don't have anybody that I know, I have friends that work in law," including police officers and defense lawyers. In response to further questioning by the court, the juror stated that he spoke with these people about their work when they played stickball on Sundays, and said that police officers were "beautiful

people." He also assured the court that he could put aside what he saw on television and could be fair.

Later, during additional voir dire of this juror in open court, some, but not all, of the facts raised during the sidebar were mentioned in defendant's presence, including the fact that the juror "liked to watch a lot of law shows" and "play[ed] stickball." This juror was eventually seated on the jury that convicted defendant.

"A defendant's presence at sidebar interviews of prospective jurors for bias or hostility during jury selection is generally required because of the potential input the defendant can give defense counsel in making discretionary choices during jury selection, based on impressions gained from seeing and hearing the juror's responses on voir dire" (*People v Roman,* 88 NY2d 18, 26 [1996], citing *People v Sloan,* 79 NY2d 386, 392 [1992]; *see also People v Velasquez,* 1 NY3d 44, 47 [2003]; *People v Maher,* 89 NY2d 318, 324 [1996]; *People v Antommarchi,* 80 NY2d at 250).

The transcript of the sidebar conclusively demonstrates that the sidebar from which defendant was excluded involved an inquiry into the subject juror's potential bias or predisposition arising from his perceptions of the legal system or his discussions with police officers and defense attorneys about their work. Because these matters implicate a juror's ability to weigh the evidence objectively and hear testimony impartially, a defendant must be afforded the opportunity to assess the juror's "facial expressions, demeanor and other subliminal responses" (*Sloan,* 79 NY2d at 392; *Antommarchi,* 80 NY2d at 250). Here, it is evident that defendant should have been given an opportunity to evaluate firsthand the juror's discussion of his social interactions with police officers and defense attorneys before his counsel decided whether to retain or seek dismissal of the juror.

The People's reliance on *People v Starks* (88 NY2d 18 [1996]) is misplaced. There, the defendant was excluded from a sidebar with a prospective juror relating to the juror's concern that she recognized the defendant from her neighborhood. At the conclusion of the day's proceedings, the court recited the substance of the sidebar conversation with the juror in the presence of both the juror and the defendant, and the juror confirmed the accuracy of the court's description. Defense counsel declined any further opportunity to question this juror, who was ultimately peremptorily challenged by the defense. The Court of Appeals (88 NY2d at 29) found that any violation of defendant Starks' right to be present was "de minimis" since the trial court "es-

sentially replicated de novo in [defendant's] presence" the sidebar with this juror and invited additional questioning. Here, there was no de novo replication of the sidebar (*see People v Madera*, 216 AD2d 89, 90 [1995] [defendant's absence from juror sidebars not rectified where no de novo proceeding held]). Although some of the substance of the sidebar was divulged in open court later in voir dire, significant facts such as the juror's relationships with police officers and defense lawyers and his discussions with them about their work were not disclosed (*see id.* [additional voir dire in open court did not remedy violation because it was not on same subjects discussed at sidebars]). Accordingly, the de minimis exception is inapplicable.

Nor are we persuaded by the People's speculative suggestion that defendant may have been able to hear what was said during the sidebar because he was only seated 12 feet away (*cf. People v Davidson*, 224 AD2d 354, 355 [1996], *affd* 89 NY2d 881 [1996]).

In light of our holding that defendant's right to be present at a material stage of his trial was violated, it is unnecessary to address defendant's additional contentions relating to the trial court's preclusion of certain hearsay testimony and its refusal to grant defendant's requested sanction for the late disclosure of *Rosario* material. Such matters may appropriately be raised before the assigned trial justice upon remand. Concur—Saxe, J.P., Friedman, Nardelli, Gonzalez and Catterson, JJ.