[858 NYS2d 147]

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICH-
ELLE WILLIAMS, Appellant.

First Department, May 22, 2008

## APPEARANCES OF COUNSEL

*Richard M. Greenberg, Office of the Appellate Defender*, New York City (*Kerry S. Jamieson* and *Risa Gerson* of counsel), for appellant.

*Robert T. Johnson, District Attorney*, Bronx (*Vincenzo S. Lippiello* and *Rafael Curbelo* of counsel), for respondent.

## OPINION OF THE COURT

ACOSTA, J.

The core issue on this appeal is whether defendant's right to be present at all material stages of her trial was violated when the court held sidebar conferences with three potential jurors in defendant's absence. We hold that defendant's well-established right to be present (*see People v Antommarchi*, 80 NY2d 247 [1992]) was violated, and she is thus entitled to a new trial.

Defendant was charged with filing a false New York City Police Department complaint form and automobile theft affidavit alleging that her car had been stolen on February 10, 2005, when in fact it had been destroyed in a fire four days earlier.

During voir dire, defense counsel asserted his client's *Antommarchi* right to be present during questioning of prospective jurors. Notwithstanding the assertion of this right, the record is clear that defendant was not present during the questioning of three potential jurors. Specifically, defendant, through her lawyer, informed the court that she believed one of the prospective jurors had been a coworker. The venirewoman, S.D., told a court officer something similar.

At the beginning of the sidebar with S.D., the minutes indicate "a discussion . . . among the prospective juror, both assistant district attorneys and defense counsel." (According to the People's brief, referring to an affidavit offered by the court reporter, the minutes should have added, "The defendant is not present.") S.D. told the court and counsel that she had worked at the same health center as defendant for two months, some eight years before the trial. She did not work with defendant, but she had daily contact with her. S.D. did not have any feelings about defendant one way or the other, would not lean one way or the other, and never saw defendant in a situation that led her to think badly of defendant. The minutes indicate that

at the conclusion of this sidebar, defendant was present for the voir dire of a different prospective juror. Although defendant still had peremptory challenges left, she did not challenge S.D., who became a member of the jury.

Defendant was also absent from sidebar discussions with M.C. and Y.T. M.C. said she had a prior conflict with the law, and could not promise that she would keep her own case separate and apart from defendant's. Y.T. said she had lived next door to a firehouse for 20 years, and this might affect her assessment of witnesses who were firemen; she did not think she could keep her positive experiences with firefighters separate and apart from defendant's case. Both M.C. and Y.T. were excused on consent.

Defendant was ultimately convicted of two counts of offering a false instrument for filing in the first degree (Penal Law § 175.35), and was sentenced to five years' probation and a fine of $1,000. On appeal she contends, inter alia, that her right to be present at all material stages of her trial was violated because of her absence from conferences with prospective jurors S.D., M.C. and Y.T. We agree.

It is well settled that a criminal defendant has a fundamental right to be present at all material stages of trial (CPL 260.20; *People v Roman*, 88 NY2d 18, 25-26 [1996]; *People v Favor*, 82 NY2d 254, 262-265 [1993]), and that a sidebar discussion with a prospective juror regarding her background, bias and ability to be impartial is considered a material stage of a trial (*People v Antommarchi*, 80 NY2d 247 [1992]; *see also People v Maher*, 89 NY2d 318, 324 [1996]). Exclusion of a defendant from such a sidebar discussion without first obtaining a knowing, intelligent and voluntary waiver of the right to be present constitutes per se reversible error where the prospective juror is either seated on the jury, excused on consent, or peremptorily challenged by the defense (*see People v Davidson*, 89 NY2d 881, 883 [1996]; *Antommarchi*, 80 NY2d at 250; *but see Maher*, 89 NY2d at 325 ["where a defendant has been erroneously excluded from a sidebar conference with a prospective juror, the error is not reversible if that potential juror has been excused for cause by the court"]; *Roman*, 88 NY2d at 28).

Here, defendant was not present while prospective jurors S.D., M.C. and Y.T. were being questioned about their potential bias and ability to be impartial. Indeed, the People concede as much (*see People v Madera*, 216 AD2d 89, 90 [1995] [where sidebar noted only presence of court and counsel, and resump-

tion in open court noted presence of defendant, defendant's absence from sidebar was apparent from record]). And, based on the record before us, we reject "the People's speculative suggestion that defendant may have been able to hear what was said during the sidebar" (*People v Rodriguez*, 20 AD3d 355, 357 [2005]). Moreover, S.D. went on to serve as a juror and M.C. and Y.T. were excused on consent. Accordingly, defendant's absence from these sidebar discussions constitutes per se reversible error (*Davidson*, 89 NY2d at 883).[1]

The People contend that defendant implicitly waived her right to be present at sidebars with prospective jurors because she was absent from 10 sidebar discussions. This argument, however, is unavailing. First, "[a] court may conduct side-bar discussions with prospective jurors in a defendant's absence if the questions relate to juror qualifications such as physical impairments, family obligations and work commitments" (*Antommarchi*, 80 NY2d at 250). Of the 10 sidebars mentioned by the People, four involved such issues. One cannot infer from defendant's absence at those sidebars that she was also willing to be absent from sidebars touching on partiality.

Second, one of the 10 sidebars mentioned by the People was with a *sworn* juror, not a *prospective* juror. "The disqualification of a seated juror presents a different issue than the issue addressed in . . . *Antommarchi*" (*People v Harris*, 99 NY2d 202, 212 n 2 [2002]). "Whether a seated juror is grossly unqualified to serve is a legal determination, and as such the presence of counsel at a hearing to determine a juror's qualification is adequate" (*id.* at 212 [citation omitted]).

Third, a waiver of the right to be present must be "voluntary, knowing and intelligent" (*People v Vargas*, 88 NY2d 363, 375-376 [1996]), and "will not be inferred from a silent record" (*People v Lucious*, 269 AD2d 766, 767 [2000]; *see also People v McAdams*, 22 AD3d 885 [2005]). Indeed, *McAdams* found that

---

1. Although this Court has deemed certain excusals on consent to be excusals for cause, in which case defendant's absence would not have been reversible error (*People v Maher*, 89 NY2d at 325; *see People v Garcia*, 265 AD2d 171 [1999], *lv denied* 94 NY2d 862 [1999] [excusal of prospective jurors on consent after expressing some degree of bias against defendant was in the nature of an uncontested excusal for cause]; *People v Martin*, 253 AD2d 681 [1998], *lv denied* 93 NY2d 900 [1999]), in the present case the rationale underpinning *Garcia* and *Martin* could potentially apply only to M.C. and Y.T. Inasmuch as a reversal would be required because defendant was not present during the colloquy with S.D., who was seated as a juror, there is no reason for this Court to determine whether *Garcia* and *Martin* are applicable to the facts of this case.

the defendant did not waive his right to be present, even though he was "absent from numerous sidebar conferences" (*id.* at 885-886).

A reconstruction hearing should not be ordered because there is nothing in the record to suggest that defendant may have waived her rights after having asserted them in open court (*see People v Velasquez*, 1 NY3d 44, 49 [2003] [no reconstruction hearing required where there is no evidence that a proceeding was not transcribed, that the trial court refused to record the proceedings, that a portion of the minutes were lost, or that there was some ambiguity in the record]). On the contrary, unlike *Lucious* and *People v Tor* (254 AD2d 214 [1998]),[2] relied on by the prosecution, the record in this case seems to indicate that the stenographer painstakingly recorded all relevant colloquy as well as who was present at each sidebar and in open court.

Nor is this Court ordering a reconstruction hearing to determine the distance between the bench and the defense table to determine, as the People suggest, whether defendant was "essentially present at the sidebars." As we noted in *Rodriguez* (20 AD3d at 357), we are not "persuaded by the People's speculative suggestion that defendant may have been able to hear what was said during the sidebar because he was only seated 12 feet away." The distance between the table and the bench is not determinative; it does not take into consideration the loudness of the sidebar conferences (which by their very nature are intended to be held in hushed tones) on the day they occurred or defendant's ability to hear the conversations.

We have considered defendant's remaining arguments regarding the pretrial *Huntley/Dunaway* hearing and determination and find them to be without merit.

Accordingly, the judgment, Supreme Court, Bronx County (Dominic R. Massaro, J.), rendered July 12, 2006, convicting defendant, after a jury trial, of two counts of offering a false

---

2. In *Lucious*, the record did not indicate whether the jurors were excused by the court, on consent, or pursuant to a peremptory challenge (269 AD2d at 768-769). Similarly, in *Tor* the record was inconclusive as to whether the defendant was absent from the robing room conferences, and if he was, whether he had waived his right to be present (254 AD2d at 214). In the present case, on the other hand, the record definitively states that defendant expressed her desire to be present during all sidebars, that she was not present during the sidebars in question, that M.C. and Y.T. were excused on consent, and that S.D. was selected to serve on the jury. There is simply no ambiguity in this record.

instrument for filing in the first degree, and sentencing her to a term of five years' probation and a fine of $1,000, should be reversed, on the law, and the matter remanded for a new trial.

BUCKLEY, J. (dissenting in part). Rather than remanding for a new trial, I would remand for a reconstruction hearing to determine whether the sidebar with prospective juror S.D. was conducted in such a manner as to permit defendant, seated only eight feet away, to see and hear the colloquy (*see People v Brown*, 221 AD2d 160 [1995], *lv denied* 87 NY2d 898 [1995]; *see also People v Torres*, 224 AD2d 251 [1996], *lv denied* 88 NY2d 886 [1996] [defendant was in close proximity to sidebar, and therefore able to see and hear]; *People v Swift*, 213 AD2d 355 [1995], *lv denied* 86 NY2d 784 [1995] [defendant's position at defense table did not prevent him from hearing sidebar conference]; *compare People v Rodriguez*, 20 AD3d 355, 357 [2005] [speculative that defendant, seated 12 feet away, could hear]). Indeed, in *People v Davidson* (210 AD2d 76 [1994]), we remanded for a reconstruction hearing to determine "the extent to which defendant actually saw and heard sidebar voir dire." It was only after a reconstruction hearing was conducted that a determination could be made that the defendant, who was seated 10 feet away, could not hear a sidebar conference (*see* 224 AD2d 354, 355 [1996], *affd* 89 NY2d 881 [1996]).

A reconstruction hearing would not be necessary with respect to prospective jurors M.C. and Y.T., because their excusals were in the nature of an uncontested excusal for cause (*see People v Garcia*, 265 AD2d 171 [1999], *lv denied* 94 NY2d 862 [1999]).

MAZZARELLI, J.P., and ANDRIAS, J., concur with ACOSTA, J.; WILLIAMS and BUCKLEY, JJ., dissent in part in a separate opinion by BUCKLEY, J.

Judgment, Supreme Court, Bronx County, rendered July 12, 2006, reversed, on the law, and the matter remanded for a new trial.