People v Geddis (2019 NY Slip Op 04819)





People v Geddis


2019 NY Slip Op 04819


Decided on June 14, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 14, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CENTRA, DEJOSEPH, CURRAN, AND WINSLOW, JJ.


136 KA 17-01065

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
NORMAN I. GEDDIS, DEFENDANT-APPELLANT. 






THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (BENJAMIN L. NELSON OF COUNSEL), FOR DEFENDANT-APPELLANT. 
LORI PETTIT RIEMAN, DISTRICT ATTORNEY, LITTLE VALLEY, FOR RESPONDENT. 


 Appeal from a judgment of the Cattaraugus County Court (Ronald D. Ploetz, J.), rendered May 30, 2017. The judgment convicted defendant, upon a jury verdict, of assault in the second degree, menacing in the second degree and unlawful imprisonment in the second degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously reversed on the law and a new trial is granted on counts one, two and four of the indictment.
Memorandum: Defendant appeals from a judgment convicting him, upon a jury verdict, of assault in the second degree (Penal Law
§ 120.05 [2]), menacing in the second degree (§ 120.14 [1]), and unlawful imprisonment in the second degree (§ 135.05). By his own admission, defendant failed to preserve for our review his challenge to the legal sufficiency of the evidence supporting his conviction of assault in the second degree and we decline to exercise our power to review that contention as a matter of discretion in the interest of justice (see CPL 470.15 [6] [a]). Viewing the evidence in light of the elements of the crimes as charged to the jury (see People v Danielson, 9 NY3d 342, 349 [2007]), we conclude that the verdict is not against the weight of the evidence (see generally People v Bleakley, 69 NY2d 490, 495 [1987]).
We agree with defendant, however, that his right to be present during questioning of prospective jurors regarding "bias, hostility, or predisposition to believe or discredit the testimony of potential witnesses" was violated (People v Antommarchi, 80 NY2d 247, 250 [1992], rearg denied 81 NY2d 759 [1992]). At the commencement of trial, defendant was informed of his right to be present at bench conferences. Specifically, the court advised defendant that he was "welcome and expected" to come to the bench at any time when the court had to discuss an issue with the attorneys. The court further advised defendant that if for some reason he did not wish to come up he should discuss that issue with his attorney. The court indicated that if he did not approach, the court would assume that defendant decided not to. In response to these instructions, defendant indicated that he understood. Subsequently, during a break in jury selection, a prospective juror stayed behind in the courtroom. Defendant was not present when this prospective juror advised the court and the attorneys that she was not sure if she fully responded to one of the earlier questions. The court asked defense counsel if he wanted his client present, and counsel stated that he was "okay with it" and that defendant was in the bathroom. The prospective juror then advised the court and the attorneys that her son was a convicted felon. Shortly thereafter, defense counsel struck this juror with a peremptory challenge.
Initially, we conclude that the situation at issue here constituted a material stage of trial inasmuch as the prospective juror volunteered information about her son's status as a convicted felon. This information was relevant to a question asked earlier during voir dire: "Have any of you or anyone close to you been a victim of a crime, a witness to a crime, been accused of a [*2]crime, or participated in any way in a criminal proceeding?" That question was intended to be relevant to, inter alia, potential bias (see Antommarchi, 80 NY2d at 250; People v Hoppe, 96 AD3d 1157, 1158 [3d Dept 2012], lv denied 19 NY3d 1026 [2012]; People v Rodriguez, 20 AD3d 355, 356-357 [1st Dept 2005]).
We further conclude that, under the circumstances of this case, defendant did not waive his right to be present. It is well established that a defendant has the right to be present at every material stage of a trial, including matters such as questioning prospective jurors regarding bias (see Antommarchi, 80 NY2d at 250). "It is equally clear, however, that such right may be voluntarily waived by a defendant or the defendant's attorney' " and that "a defendant's waiver in this regard may be either express or implied" (People v Malloy, 152 AD3d 968, 969-970 [3d Dept 2017], lv denied 30 NY3d 981 [2017]). Here, without defendant being physically present in the courtroom, and with counsel simply stating to the court, "I'm okay with [his absence]," we perceive no basis to conclude that there was either an implicit or explicit waiver. Defendant's absence from the courtroom when the prospective juror raised the issue of potential bias made it impossible for him to knowingly and voluntarily waive his right to be present (see People v Brockenshire, 197 AD2d 921, 921 [4th Dept 1993], lv denied 82 NY2d 848 [1993]; cf. People v Flinn, 22 NY3d 599, 601-602 [2014], rearg denied 23 NY3d 940 [2014]). In view of the foregoing, we must reverse and remit for a new trial.
Because there must be a retrial, we deem it appropriate to address defendant's contention regarding the court's decision to allow the victim to testify while accompanied by a therapy dog. In our view, the court abused its discretion in allowing the victim, an adult, to testify while accompanied by a therapy dog (cf. People v Tohom, 109 AD3d 253, 262-264, 267 [2d Dept 2013], lv denied 22 NY3d 1203 [2014]). In light of our determination to grant a new trial, we
do not address defendant's remaining contentions.
Entered: June 14, 2019
Mark W. Bennett
Clerk of the Court