■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v. JOSEPH CARUSO, Respondent.— Appeal by the People from an order of the Supreme Court, Kings County, dated October 21, 1971, which granted defendant's motion to withdraw his plea of guilty and to dismiss the indictment. Order reversed, on the law, and indictment and plea of guilty reinstated (*People v. Dellacroce,* 38 A D 2d 210). Martuscello, Acting P. J., Latham, Christ and Benjamin, JJ., concur; Gulotta, J., dissents and votes to affirm, with the following memorandum: The communication by the District Attorney to defendant as to the immunity granted him had the same deficiencies, limitations and conditions pointed out in the dissents in *People v. Sparaco* (39 A D 2d 753). The immunity granted, therefore, was not coextensive with the privilege it displaced.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. SYLVESTER CHOLMONDELEY, Appellant. THE PEOPLE OF THE STATE OF NEW YORK ex rel. SYLVESTER CHOLMONDELEY, Appellant, v. WARDEN, QUEENS HOUSE OF DETENTION FOR MEN, Respondent.— Appeal by defendant from a judgment of the Supreme Court, Queens County, rendered in the first above-entitled matter June 11, 1970 on resentence upon a 1960 conviction of rape in the first degree, burglary in the third degree and robbery in the third degree, upon a plea of guilty, resentencing him to 10 to 20 years on the rape charge, and 5 to 10 years on each of the charges of burglary and robbery, the latter two to run concurrently with each other, but consecutively to the rape charge, *nunc pro tunc* as of June 29, 1960; and appeals by relator from a judgment of the same court, dated June 11, 1970 and made in the second above matter, a habeas corpus proceeding, which dismissed the writ. Judgment in the habeas corpus proceeding affirmed, without costs. No opinion. Judgment of resentence modified, in the exercise of discretion, by directing that all the sentences be concurrent instead of consecutive in part. As so modified, said judgment affirmed. In our opinion, the resentence to the original terms was excessive to the extent indicated. Any further reduction of sentence is an issue more properly addressed to the consideration of the Parole Board. Rabin, P. J., Hopkins, Munder, Brennan and Benjamin, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. MARTIN COPPERSMITH, Appellant.— Appeal by defendant from a judgment of the Supreme Court, Queens County, rendered May 27, 1970 upon resentence *nunc pro tunc* as of November 16, 1942. Judgment affirmed. Defendant claims he was not represented by counsel actually present at the time of pleading or sentence in 1942. The mere fact that the minutes of the 1942 change of plea to guilty and sentence are not available does not render it mandatory that the judgment be reversed. Defendant raised exactly the same claim in a 1955 *coram nobis* application which, after a hearing, was found to be without merit. That determination was justified by the proof, in our view. Since we may take judicial notice of it even if it is not technically part of the record on the instant appeal, we hold that the record, as so amplified, is adequate for appellate review by this court and affirm (see *People v. Singleton,* 36 A D 2d 725). Rabin, P. J., Hopkins, Munder, Brennan and Benjamin, JJ., concur.