■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CARLOS GUERRERO-RIVERA, Appellant. [654 NYS2d 224] —Judgment unanimously affirmed. Memorandum: Defendant appeals from a judgment convicting him of murder in the second degree, attempted murder in the second degree, and various other crimes, and sentencing him to an aggregate term of imprisonment of $37^1/_2$ years to life. Defendant shot two men, one fatally, conduct for which defendant claimed justification.

On appeal, defendant contends that the prosecutor improperly impeached his own witness; that the prosecutor violated County Court's *Sandoval* and *Ventimiglia* rulings; that the verdict is against the weight of the evidence; that the court's supplemental charge was erroneous; and that the court improperly excluded expert medical testimony concerning the effect of drugs on the decedent.

Of the three alleged instances of improper impeachment, we determine that the second was proper. In that instance, the witness's testimony *"affirmatively damage[d]"* (*People v Fitzpatrick*, 40 NY2d 44, 51) and "tend[ed] to disprove" the People's case (CPL 60.35 [1]; *see, People v Fitzpatrick*, 40 NY2d 44, 51, *supra; People v Clark*, 195 AD2d 988, 989). The first and third instances constituted improper impeachment under that test, because the witness in each instance merely testified that he could not recall a particular fact (*see, People v Lawrence*, 227 AD2d 893). We conclude that those instances of improper impeachment are harmless error. The first instance was rendered harmless by defendant's assertion of the defense of justification and admission that defendant was the shooter. The third instance was rendered harmless by other evidence overwhelmingly refuting the defense of justification.

The prosecutor did not violate the court's *Sandoval* ruling in cross-examining defendant about an incident in which he held his gun to someone's neck. Defendant opened the door to that cross-examination when he denied that he had ever shown the weapon to anybody (*see, People v Rodriguez*, 85 NY2d 586; *People v Fardan*, 82 NY2d 638, 646). There is no merit to defendant's claim that such cross-examination violated the court's *Ventimiglia* ruling.

The verdict is not against the weight of the evidence (*see, People v Bleakley*, 69 NY2d 490, 495). Weighing the conflicting evidence and the inferences to be drawn therefrom (*see, People v Bleakley, supra*, at 495), we conclude that the People sustained their burden of disproving the defense of justification beyond a reasonable doubt (*see*, Penal Law § 25.00 [1]; § 35.00; *Matter of Y. K.*, 87 NY2d 430, 433; *People v Cole*, 200 AD2d 631, *affd* 83 NY2d 936; *People v Mack*, 178 AD2d 661, *lv denied* 79 NY2d 950).

Defendant has failed to preserve for our review his challenge to the supplemental charge. In any event, the court responded meaningfully to the jury's inquiries (*see, People v Almodovar*, 62 NY2d 126, 132; *People v Malloy*, 55 NY2d 296, 301-302, *cert denied* 459 US 847) and did not, as defendant contends, underemphasize the defense of justification.

Finally, the court properly precluded expert testimony from the pathologist concerning the effects of alcohol and cocaine on the decedent. The proffered evidence was immaterial; the victim's reflexes were not germane to the defense of justification. (Appeal from Judgment of Onondaga County Court, Cunningham, J.—Murder, 2nd Degree.) Present—Denman, P. J., Lawton, Fallon, Doerr and Balio, JJ.