■ The People of the State of New York, Respondent, v David L. McCullough, Appellant. [670 NYS2d 127] —Case held, decision reserved and matter remitted to Onondaga County Court for further proceedings in accordance with the following Memorandum: Defendant was convicted following a jury trial of rape in the first degree (Penal Law § 130.35), sodomy in the first degree (Penal Law § 130.50), unlawful imprisonment in the second degree (Penal Law § 135.05), and assault in the

third degree (Penal Law § 120.00) and was sentenced as a second violent felony offender to concurrent terms of incarceration of 10 to 20 years on the felony convictions and one year on each of the two misdemeanor convictions.

Defendant contends that reversal is required because he was deprived of his right to be present during three sidebar discussions with three prospective jurors (see, People v Antommarchi, 80 NY2d 247, rearg denied 81 NY2d 759). Because County Court excused one of those prospective jurors for cause, no reversible error could have been committed with respect to that juror (see, People v Maher, 89 NY2d 318, 325; People v Roman, 88 NY2d 18, 28, rearg denied 88 NY2d 920; People v McDermott, 244 AD2d 918). With respect to the remaining two sidebar discussions, the record is silent whether defendant was present for those discussions and, if not, whether he was informed of his right to be present and validly waived that right. A reconstruction hearing is therefore required to determine those issues.

The People contend that, in any event, one of the two prospective jurors was in fact excused for cause by the court, despite the fact that the record reflects only that the prospective juror was excused "with consent" of the attorneys. They further contend that the other prospective juror was excused pursuant to defense counsel's exercise of a peremptory challenge after defense counsel had conferred with defendant, thus providing defendant with meaningful participation in that decision and curing any error arising from defendant's alleged absence from the sidebar discussion with that prospective juror (see, People v Starks, 88 NY2d 18, 29). Those issues are preliminary issues for the reconstruction hearing because their resolution may obviate the need for resolution whether defendant was present at the sidebar discussions with the two prospective jurors and, if not, whether he validly waived the right to be present.

We therefore remit this matter to Onondaga County Court for a reconstruction hearing on the issues set forth herein (see, People v Robinson, 239 AD2d 298; People v Childs, 232 AD2d 308). (Appeal from Judgment of Onondaga County Court, Burke, J.—Rape, 1st Degree.) Present—Denman, P. J., Pine, Hayes, Balio and Boehm, JJ.