■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID L. McCULLOUGH, Appellant. [679 NYS2d 227] —Judgment unanimously affirmed. Memorandum: We held this case, reserved decision and remitted the matter to Onondaga County Court for a reconstruction hearing on the issue whether defendant was present for two sidebar discussions with two prospective jurors and, if not, whether he was informed of his right to be present and validly waived that right. We also noted that preliminary issues for the court upon remittal were whether one of the two prospective jurors was excused for cause by the court and whether the other prospective juror was excused pursuant to defense counsel's exercise of a peremptory challenge after conferring with defendant (*People v McCullough*, 248 AD2d 938).

The record of the reconstruction hearing establishes, and the People do not dispute, that defendant was absent from the two sidebar discussions and did not waive his right to be present (*see*, CPL 260.20; *see also, People v Antommarchi*, 80 NY2d 247, *rearg denied* 81 NY2d 759). The record supports the court's determination, however, that one of the prospective jurors was dismissed upon consent of the parties but would have been challenged for cause by defendant if the People had not consented. Thus, defendant's presence during the sidebar discussion with that prospective juror "could not have afforded [defendant] any meaningful opportunity to affect the outcome" (*People v Davidson*, 89 NY2d 881, 882; *see also, People v Roman*, 88 NY2d 18, 28, *rearg denied* 88 NY2d 920). The court further found that the second prospective juror was excused pursuant to defense counsel's exercise of a peremptory challenge. The record of the reconstruction hearing establishes that defendant was given a full and fair opportunity to give meaningful input regarding the decision to dismiss that prospective juror after defense counsel informed defendant of the substance of the sidebar discussion (*see, People v Starks*, 88 NY2d 18, 29).

We further reject the contention of defendant that he was denied effective assistance of counsel. Defense counsel made a tactical decision in selecting some members of the jury pool over others (*see, People v Colon*, 90 NY2d 824, 826). Defendant failed to preserve for our review his contention that the court's supplemental jury instructions were improper (*see*, CPL 470.05

[2]; *People v Bennett*, 244 AD2d 923, *lv denied* 91 NY2d 889). In any event, the supplemental instructions given to the jury were in all respects proper. The court properly ruled that the prosecution could question defendant concerning his prior convictions (*see, People v Sandoval*, 34 NY2d 371, 374). The convictions were not too remote in light of the fact that defendant was incarcerated for 10 of the 11 intervening years. Finally, defendant's sentence is neither unduly harsh nor severe. (Resubmission of Appeal from Judgment of Onondaga County Court, Burke, J.—Rape, 1st Degree.) Present—Denman, P. J., Pine, Hayes, Balio and Boehm, JJ.