■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RONNIE LUCIOUS, Appellant. [730 NYS2d 384] —Judgment unanimously reversed on the law and new trial granted on counts two, six, seven and eight of indictment and indictment otherwise dismissed without prejudice to the People to represent any appropriate charges under count one of indictment to another Grand Jury. Memorandum: We held this case, reserved decision and remitted the matter to Supreme Court for a reconstruction hearing on the issue whether defendant's right to be present at a critical stage of the trial was violated based on defendant's absence from sidebar conferences with prospective jurors (*People v Lucious,* 269 AD2d 766; *see,* CPL 260.20; *People v Antommarchi,* 80 NY2d 247, *rearg denied* 81 NY2d 759). Upon remittal, the court determined that defen-

dant's *Antommarchi* rights "were not violated, either because he had executed a written waiver, or because all the dispositions of the prospective jurors after the sidebar conferences were proper, or both." That was error.

With respect to the court's determination that defendant executed a written waiver, we conclude that the court improperly placed the burden of proof on defendant with respect to that determination. The court relied on its usual practice of obtaining a written waiver and the court reporter's handwritten notation that such a waiver had been obtained. The court then determined that there is a presumption that the usual practice was followed, and imposed a burden on defendant to rebut that presumption. Because the People concede that defendant was absent from sidebar conferences with prospective jurors, the burden was on the People to prove by a preponderance of the evidence that defendant waived the right to be present (*see, People v Childs*, 247 AD2d 319, 322-323, *lv denied* 92 NY2d 849).

According to the reconstruction hearing testimony of the prosecutor, defense counsel, and the court reporter, it was the court's usual practice to advise a defendant of his right to be present at sidebar conferences and to obtain an oral waiver on the record and a written waiver of that right before the prospective jurors were brought into the courtroom. Any *Sandoval* hearing would also be conducted at that time. There is no stenographic record of any proceedings that may have occurred before the prospective jurors entered the courtroom, and the court clerk's minutes, which would have recorded the oral waiver and to which the written waiver would have been attached, could not be located. Defense counsel testified that it was her usual practice to indicate on the voir dire folder of her file that the defendant was advised of his or her *Antommarchi* rights and to indicate whether those rights were waived. Her folder does not indicate whether defendant was advised of those rights or whether he waived them.

With respect to the usual practice of the court, the evidence at the hearing established that the usual practice was varied at this trial: several prospective jurors were interviewed in the jury room because of press coverage of this trial and another trial, and the *Sandoval* hearing was conducted on the second day of trial, after the jury was sworn. Apart from the evidence concerning the usual practice of the court, the only other evidence to support the People's contention that defendant waived his *Antommarchi* rights is a handwritten note by the court reporter stating: "defendant not present at any bench confer-

ences—waived." The court reporter was unable to specify when the notation was made and could only speculate concerning her reason for making a handwritten notation when no waiver was noted on the record. Thus, we conclude that the evidence at the reconstruction hearing was insufficient to establish that defendant waived his *Antommarchi* rights (*cf., People v DeJesus,* 272 AD2d 61, 62-63, *lv denied* 95 NY2d 962).

With respect to the court's further determination that "all the dispositions of the prospective jurors after the sidebar conferences were proper," we conclude that the People failed to establish that defendant "was given a full and fair opportunity to give meaningful input regarding the discretionary decision" of defense counsel to exercise peremptory challenges with respect to the three prospective jurors at issue (*People v Starks,* 88 NY2d 18, 29; *cf., People v McCullough,* 254 AD2d 750, *lv denied* 92 NY2d 1035). Although the evidence established that defendant spoke with defense counsel in the jury room after each panel of prospective jurors was questioned, defense counsel did not recall the substance of the discussions. "Thus, the record does not negate the possibility that defendant * * * could have provided valuable input on his counsel's apparently discretionary choice to excuse those [prospective jurors]" (*People v Feliciano,* 88 NY2d 18, 28; *see, People v Davidson,* 89 NY2d 881, 883). We therefore reverse the judgment of conviction and grant a new trial on counts two, six, seven and eight of the indictment. Inasmuch as defendant was acquitted of attempted murder in the first degree under count one of the indictment and was convicted of the lesser included offense of attempted assault in the first degree under that count, count one must be dismissed without prejudice to the People to re-present any appropriate charges under count one to another Grand Jury (*see, People v Gonzalez,* 61 NY2d 633, 635; *People v Jackson,* 167 AD2d 893, 894). Finally, inasmuch as the court after the verdict dismissed counts three and four of the indictment on the ground of insufficient evidence and defendant was acquitted of count five of the indictment, those counts must also be dismissed. (Resubmission of Appeal from Judgment of Supreme Court, Monroe County, Mark, J.—Robbery, 1st Degree.) Present—Pigott, Jr., P. J., Green, Pine and Scudder, JJ.