■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JEROME ANDERSON, Appellant. [737 NYS2d 754] —Appeal from a

judgment of Supreme Court, Monroe County (Mark, J.), entered May 29, 1998, convicting defendant after a jury trial of, inter alia, criminal sale of a controlled substance in the third degree.

It is hereby ordered that the case is held, the decision is reserved and the matter is remitted to Supreme Court for further proceedings in accordance with the following memorandum: Defendant contends that he was denied his right to be present during certain sidebar discussions with prospective jurors and bench conferences between the prosecutor, defense counsel and Supreme Court. The record indicates that defendant was absent for those sidebar discussions and bench conferences, but it is unclear whether defendant waived his right to be present (see, People v Marzug, 270 AD2d 945, 946; People v McCullough, 248 AD2d 938, 939). With respect to the sidebar discussions, moreover, the record does not enable us to determine what rulings were made regarding the service of each prospective juror. "Although only one of the jurors in question served, the record does not specify whether the others were excused by the court or on consent of the parties; whether the prospective jurors were challenged for cause or peremptorily challenged; or who made such challenges" (People v Lucious, 269 AD2d 766, 768). Further, with respect to the bench conferences, the record also fails to disclose "whether 'only questions of law or procedure' were involved such that defendant's presence was not required" (People v Russo, 283 AD2d 910, 911, lv dismissed 96 NY2d 867, quoting People v Rodriguez, 85 NY2d 586, 591). We therefore hold the case, reserve decision, and remit the matter to Supreme Court for a reconstruction hearing on the issues set forth herein (see, People v McCullough, supra).

We reject the contention of defendant that the court erred in denying his motion to suppress physical evidence seized by the police pursuant to a search warrant. Contrary to defendant's contentions, the information provided by the confidential informant established probable cause to believe that cocaine was being sold at defendant's residence (see, People v Abron, 278 AD2d 919, lv denied 96 NY2d 797); the description of the premises on the warrant was sufficient to enable the executing officers to ascertain the premises intended (see, People v Davenport, 231 AD2d 809, 810, lv denied 89 NY2d 921); the information supporting the issuance of the warrant was not stale (see, People v Telesco, 207 AD2d 920, 921); and the warrant application set forth sufficient facts to justify the issuance of a no-knock warrant (see, People v Ackerman, 237 AD2d 849, 850-851, lv denied 89 NY2d 1087). The evidence is legally sufficient

to support the conviction and the verdict is not contrary to the weight of the evidence (*see, People v Bleakley,* 69 NY2d 490, 495). We do not address defendant's remaining contentions. Present—Green, J.P., Wisner, Scudder, Gorski and Lawton, JJ.