■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DENNIS TIMMONS, Appellant. [750 NYS2d 395] —Appeal from a judgment of Monroe County Court (Sirkin, J.), entered April 3, 2001, convicting defendant after a jury trial of murder in the second degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him following a jury trial of murder in the second degree (Penal Law § 125.25 [2]). Defendant admitted at trial that he struck the victim on the back of the head with a blunt object but contended that the victim was the aggressor. We reject the contention of defendant that County Court erred in failing to address his complaints about defense counsel's allegedly ineffective representation. The record establishes that, although

defendant initially wrote to the court to complain about his assigned counsel's representation, the complaints ceased within a few weeks, and defendant and defense counsel thereafter appeared to have reconciled their differences. The record establishes that they worked together throughout the pretrial proceedings and the trial without further complaint to the court. Because defendant appeared before the court on numerous occasions and failed to "voice any complaint he may have had with counsel's representation," thus indicating to the court that he and defense counsel had resolved their initial differences, the court did not err in failing to make inquiry with respect to defendant's initial assertions of ineffective assistance (*People v Frayer*, 215 AD2d 862, 864). Contrary to the further contention of defendant, he was not denied effective assistance of counsel. The record establishes that defense counsel provided a vigorous defense, locating and presenting two witnesses who provided some degree of plausibility with respect to defendant's version of events. Defendant's mere disagreement with the strategies and tactics of defense counsel " 'does not suffice' to satisfy defendant's burden of establishing ineffective assistance of counsel" (*People v Brandon*, 237 AD2d 980, 980).

Defendant failed to preserve for our review his further contention that reversal is required on the ground that a witness was permitted to testify that he had been threatened prior to trial (*see* CPL 470.05 [2]). In any event, while it is error to admit such testimony where, as here, "there is no evidence connecting the defendant to [the] threat" (*People v Wilson*, 195 AD2d 493, 495), in this case the error is harmless. The evidence of defendant's guilt is overwhelming, and there is no significant probability that defendant otherwise would have been acquitted (*see People v Crimmins*, 36 NY2d 230, 241-242).

Defendant also failed to preserve for our review his contention that the conviction is not supported by legally sufficient evidence (*see People v Gray*, 86 NY2d 10, 19; *People v Santos*, 86 NY2d 869, 870). In any event, that contention lacks merit. Given the extensive medical evidence that blunt force trauma was the cause of death, the jury was free to determine that "the blow was struck with sufficient ferocity to indicate a wanton disregard for the grave risk it posed to the victim's life" (*People v Rios*, 230 AD2d 87, 92; *see generally People v Sanchez*, 98 NY2d 373). Also contrary to defendant's contention, the verdict is not against the weight of the evidence. The jury was entitled to determine matters of credibility, and it cannot be said that the jury failed to give the evidence the weight it should be accorded (*see generally People v Bleakley*, 69 NY2d

490, 495). Present—Green, J.P., Hayes, Scudder, Gorski and Lawton, JJ.