■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JEROME ANDERSON, Appellant. [762 NYS2d 551] —Appeal from a judgment of Supreme Court, Monroe County (Mark, J.), entered May 29, 1998, which was held by this Court on February 1, 2002, the decision was reserved and the matter was remitted to Supreme Court for further proceedings in accordance with the memorandum (291 AD2d 856 [2002]), and said proceedings having been had and terminated.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: We previously held this case, reserved decision and remitted the matter to Supreme Court for a reconstruction hearing to determine whether defendant waived his right to be present during certain sidebar discussions with prospective jurors and bench conferences between the prosecutor, defense counsel and the court; to determine what rulings were made regarding the service of each prospective juror at those sidebar discussions; and to determine whether defendant's presence was required at those bench conferences (*People v*

*Anderson*, 291 AD2d 856 [2002]). The record of the reconstruction hearing supports the court's determination that there was no violation of defendant's right to be present at any material stage of the trial (*see* CPL 260.20; *People v Roman*, 88 NY2d 18, 25-26 [1996], *rearg denied* 88 NY2d 920 [1996]). The People proved by a preponderance of the evidence that, with one exception, defendant waived his right to be present at all sidebar discussions with prospective jurors and all bench conferences between the prosecutor, defense counsel and the court (*see People v DeJesus*, 272 AD2d 61, 62-63 [2000], *lv denied* 95 NY2d 962 [2000]; *see generally People v Lucious*, 285 AD2d 968, 969 [2001], *lv denied* 97 NY2d 657 [2001]). The single exception involved a bench conference resulting in the disqualification for cause of a prospective juror. "Disqualification of [that prospective juror] was a decision for the trial court to make after hearing argument, if any, by counsel, at which defendant could not have made any meaningful contribution" (*Roman*, 88 NY2d at 28). We have considered defendant's remaining contentions and conclude that they are lacking in merit. Present—Green, J.P., Wisner, Scudder, Gorski and Lawton, JJ.