THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RONALD COHEN, Appellant. [785 NYS2d 263]—

Appeal from a judgment of the Erie County Court (Joseph P. McCarthy, J.), entered March 21, 2000. The appeal was held by this Court by order entered February 7, 2003, the decision was reserved and the matter was remitted to Erie County Court for further proceedings (302 AD2d 904 [2003]). The proceedings were held and completed before Sheila A. DiTullio, J.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: We previously held this case, reserved decision, and remitted the matter to Erie County Court for a reconstruction hearing to determine whether defendant was present at sidebar conferences during jury selection (*People v Cohen*, 302 AD2d 904 [2003]). County Court (Sheila A. DiTullio, J.) conducted a hearing at which the trial judge (Joseph P. McCarthy, J.) testified with respect to specific recollections that he had concerning defendant's trial. In addition, Judge McCarthy testified that it was his standard practice to require defendants to be present at sidebar conferences, which were conducted at a docket several feet from the bench. Judge McCarthy testified that, if defendant had not been present at the sidebar conferences, he would have stated that fact on the record. Judge McCarthy did not seek a waiver from defendant because he expected defendant to be present at all sidebar conferences. Judge McCarthy further testified that he was well aware of a defendant's rights under *People v Antommarchi* (80 NY2d 247 [1992], *rearg denied* 81 NY2d 759 [1992]) and had written articles on the subject of jury selection. The court security officer at defendant's trial testified that, although she did not specifically recall defendant's trial, she had been assigned to Judge McCarthy's court for 13 years and it was Judge McCarthy's practice to require defendants to be present at sidebar conferences during jury selection. Defendant's trial counsel also testified that it was Judge McCarthy's practice to require defendants to be present at sidebar conferences and that it was his recollection that defendant was present at sidebar conferences.

We conclude that the record of the reconstruction hearing supports the court's determination that defendant was present at sidebar conferences and thus that there was no violation of his right to be present at a material stage of the trial (*see People*

*v Anderson*, 307 AD2d 762, 763 [2003], *lv denied* 100 NY2d 617 [2003]; *cf. People v Lucious*, 285 AD2d 968, 969 [2001], *lv denied* 97 NY2d 657 [2001]). The People established by a preponderance of the evidence that defendant was present during the sidebar conferences (*see generally Anderson*, 307 AD2d at 763) and, although defendant testified otherwise, the hearing court was entitled to credit the testimony of the People's witnesses (*see generally People v Prochilo*, 41 NY2d 759, 761 [1977]). Present—Green, J.P., Scudder, Gorski, Martoche and Hayes, JJ.