David MCCULLOUGH, Petitioner–
Appellee,

v.

Floyd BENNETT, Superintendent,
Elmira Correctional Facility,
Respondent–Appellant.

Docket No. 03–2922.

United States Court of Appeals,
Second Circuit.

Aug. 10, 2005.

David Gerald Jay, Buffalo, N.Y. (on sub-
mission), for Petitioner–Appellee.

Luke Martland, Assistant Attorney Gen-
eral, for Eliot Spitzer, Attorney General of
the State of New York, New York, NY, for
Respondent–Appellant.

PRESENT: CALABRESI, RAGGI,
Circuit Judges, and MURTHA, District
Judge.*

SUMMARY ORDER

UPON DUE CONSIDERATION, IT IS
HEREBY ORDERED, ADJUDGED,
AND DECREED that the judgment of the
district court is REVERSED.

Respondent–Appellant Floyd Bennett,
superintendent of the Elmira Correctional
Facility, appeals the district court's grant
of habeas corpus relief to Petitioner–Ap-
pellant David McCullough ("McCullough").
We presume the parties' familiarity with

* The Honorable J. Garvan Murtha, United
States District Judge for the District of Ver-
mont, sitting by designation.

the facts, the procedural history, and the scope of the issues presented on appeal.

This case arises from the questioning of a juror during McCullough's 1995 sexual assault trial before Onondaga County Court. During *voir dire*, McCullough's trial counsel asked the juror, a Mr. Howard Lewis, a series of questions about his feelings towards the testimony of police officers. After repeatedly giving answers that suggested impartiality, and expressly saying that he did not feel that police testimony should be elevated above that of others, Mr. Lewis was asked whether he "could be fair and impartial in this case." Transcript at 124 (November 27, 1995). The transcript states that Mr. Lewis answered, "No." *Id.* Neither the trial judge nor McCullough's counsel, nor indeed the prosecutor, followed up on or attempted to clarify Mr. Lewis's response, and he was subsequently empaneled as a juror.

After a two-day trial, the jury found McCullough guilty on all counts. He was sentenced to 10–20 years for rape and sodomy, and one year for unlawful imprisonment and assault. On appeal to the Appellate Division, McCullough argued, *inter alia,* that he was denied effective assistance of counsel during jury selection because his lawyer at trial had failed to challenge Mr. Lewis and two other jurors. *People v. McCullough,* 248 A.D.2d 938, 670 N.Y.S.2d 127 (1998). The Appellate Division ultimately affirmed McCullough's conviction and sentence, referring to jury selection as "a tactical decision." *People v. McCullough,* 254 A.D.2d 750, 679 N.Y.S.2d 227, 229 (1998). McCullough was denied leave to appeal to the New York Court of Appeals. *See People v. McCullough,* 93 N.Y.2d 1004, 695 N.Y.S.2d 750, 717 N.E.2d 1087 (1999).

McCullough petitioned the district court for a writ of habeas corpus. The court granted habeas, holding that defense counsel's decision to seat a "biased" juror could not properly be characterized as a strategic decision. *McCullough v. Bennett,* 317 F.Supp.2d 112 (N.D.N.Y.2003).

Under the Antiterrorism and Effective Death Penalty Act, habeas relief will not be granted with respect to any claim adjudicated on the merits in state court unless the state court's adjudication "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." *DeBerry v. Portuondo,* 403 F.3d 57, 66 (2d Cir.2005) (quoting 28 U.S.C. § 2254(d)).

Our Court's review of a district court's decision to grant a writ of habeas corpus is *de novo. Jones v. Stinson,* 229 F.3d 112, 117 (2d Cir.2000).

A criminal defendant makes out an ineffective assistance of counsel claim by showing both that his counsel's representation "fell below an objective standard of reasonableness," and that "the deficient performance prejudiced the defense." *Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). In the case before us, Mr. Lewis's recorded response to whether he could be impartial was anomalous. None of his other answers during *voir dire* reflected any bias whatever. The statement on the record gave no indication of the direction in which he was purportedly partial. By all appearances, it went unnoticed by the prosecutor, the defense, and, most significantly, also the judge, whose independent obligation it would have been to strike an avowedly biased juror. *See United States v. Nelson,* 277 F.3d 164, 205–207 (2d Cir.2002). The statement, as such, was at least as likely to

be a slip of the tongue, or a mistranscription, as a genuine indicator of partiality.[1]

Under the unique circumstances of this case, we are unable to say that the state court's decision to deny McCullough's ineffective assistance claim was contrary to or involved an unreasonable application of clearly established federal law. Nor can we say that it was based on an unreasonable determination of the facts in light of the evidence.

We have considered all of McCullough's arguments on appeal and find them to be without merit. Therefore, the judgment of the district court is REVERSED and REMANDED with instructions to deny McCullough's habeas petition.

---

**1.** In this respect, this case stands in sharp contrast to *Hughes v. United States,* 258 F.3d 453 (6th Cir.2001), upon which McCullough relies.