■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v THOMAS A. BOLLING, Appellant. [853 NYS2d 803]—

Memorandum: On appeal from a judgment convicting him upon a jury verdict of murder in second degree (Penal Law § 125.25 [2] [depraved indifference murder]), defendant contends that the conviction is not supported by legally sufficient evidence. We agree. Viewing the evidence in the light most favorable to the People, as we must (*see People v Contes*, 60 NY2d 620, 621 [1983]), we conclude that the evidence is legally insufficient to prove beyond a reasonable doubt that defendant "acted with the culpable mental state of depraved indifference" (*People v Swinton*, 7 NY3d 776, 777 [2006], *rearg denied* 7 NY3d 864 [2006]; *see People v Feingold*, 7 NY3d 288, 294 [2006]; *see generally People v Bleakley*, 69 NY2d 490, 495 [1987]). The evidence does not warrant a finding that defendant's conduct demonstrated the "utter disregard for the value of human life" necessary to support the conviction of depraved indifference murder (*People v Suarez*, 6 NY3d 202, 214 [2005]). We therefore modify the judgment by reducing the conviction of murder in the second degree to manslaughter in the second degree (Penal Law § 125.15 [1]) and vacating the sentence (*see* CPL 470.15 [2] [a]), and we remit the matter to County Court for sentencing on the conviction of manslaughter in the second degree (*see* CPL 470.20 [4]).

None of defendant's remaining contentions warrants reversal or further modification of the judgment. Contrary to the contention of defendant, the court properly admitted the testimony of a police officer with respect to the out-of-court declaration of the victim under the excited utterance exception to the hearsay rule (*see People v McClary*, 21 AD3d 1427, 1428 [2005], *lv denied* 5 NY3d 884 [2005]; *see generally People v Johnson*, 1 NY3d 302, 305-306 [2003]). Defendant failed to preserve for our review his contention that the testimony of the police officer violated his constitutional right of confrontation (*cf. People v Douglas*, 4 NY3d 777, 779 [2005]; *see generally Crawford v Washington*, 541 US 36 [2004]). In any event, we conclude that the state-

ment of the victim to the police officer was made during the course of an "ongoing emergency" and thus was not testimonial (*People v Nieves-Andino*, 9 NY3d 12, 15 [2007]; *see People v Bradley*, 8 NY3d 124, 127-128 [2006]).

Contrary to the further contention of defendant, the court did not abuse its discretion in denying his motion to sever his trial from that of a codefendant. The "core of each defense [was not] in irreconcilable conflict with the other and . . . there [was no] significant danger, as both defenses [were] portrayed to the trial court, that the conflict alone would lead the jury to infer defendant's guilt" (*People v Mahboubian*, 74 NY2d 174, 184 [1989]; *see People v Cruz*, 66 NY2d 61, 73-74 [1985], *revd on other grounds* 481 US 186 [1987]). "[T]he fact that [the codefendant's attorney] stressed the relative weakness of the case against his client did not present an irreconcilable conflict warranting severance" (*People v Peisahkman*, 29 AD3d 352, 353 [2006]; *cf. People v McGriff*, 219 AD2d 829, 829-830 [1995]). Also contrary to defendant's contention, the codefendant's attorney did not act as a "second prosecutor" (*People v Cardwell*, 78 NY2d 996, 998 [1991]).

Defendant failed to preserve for our review his contention that the charge on the defense of justification should have preceded the reading of the elements of the crime (*see generally People v Robinson*, 88 NY2d 1001, 1001-1002 [1996]). In any event, we note that this Court previously determined that the justification charge at issue "was a correct statement of the law when viewed in its entirety . . . and adequately conveyed to the jury 'the correct principles of law to be applied to the case' " (*People v Bolling*, 24 AD3d 1195, 1197 [2005], *affd* 7 NY3d 874 [2006], quoting *People v Ladd*, 89 NY2d 893, 896 [1996]). Moreover, the Court of Appeals determined in the appeal of the codefendant that no charge on the defense of justification was required and thus that any error in that charge was harmless (*see Bolling*, 7 NY3d at 875). Contrary to the further contentions of defendant, the court did not err in failing to include the defense of justification on the verdict sheet (*see People v Dempsey*, 177 AD2d 1018 [1991], *lv denied* 79 NY2d 946 [1992]), nor did the court err in failing to include that defense in a supplemental instruction to the jury inasmuch as the jury did not request a supplemental instruction on that defense (*see People v Almodovar*, 62 NY2d 126, 131-132 [1984]; *see also People v Guerrero-Rivera*, 236 AD2d 837, 838 [1997], *lv denied* 89 NY2d 1093 [1997]).

We reject the further contention of defendant that he was denied a fair trial by prosecutorial misconduct on summation.

The comments in question were fair response to the summation of the codefendant's attorney (*see People v Smith*, 32 AD3d 1291, 1292 [2006], *lv denied* 8 NY3d 849 [2007]). In any event, the court gave an immediate curative instruction following defendant's objection to those comments, and defendant did not object further or request a mistrial. Thus, the court's curative instruction "must be deemed to have corrected [any] error to the defendant's satisfaction" (*People v Heide*, 84 NY2d 943, 944 [1994]; *see People v Williams*, 28 AD3d 1059, 1061 [2006], *affd* 8 NY3d 854 [2007]). In light of our decision, we do not address defendant's remaining contentions. Present—Scudder, P.J., Hurlbutt, Lunn, Pine and Gorski, JJ.