(February 10, 2017)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JEREMY B. NEWTON, Appellant. [47 NYS3d 582]—

Appeal from a judgment of the Monroe County Court (Thomas R. Morse, A.J.), rendered January 20, 2016. The judgment convicted defendant, upon a jury verdict, of rape in the first degree, criminal sexual act in the first degree, aggravated sexual abuse in the first degree, aggravated sexual abuse in the second degree and sexual abuse in the first degree.

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of, inter alia, rape in the first degree (Penal Law § 130.35 [1]) and criminal sexual act in the first degree (§ 130.50 [1]). Viewing the evidence in light of the elements of the crimes as charged to the jury (*see People v*

*Danielson*, 9 NY3d 342, 349 [2007]), we conclude that the verdict is not against the weight of the evidence (*see generally People v Bleakley*, 69 NY2d 490, 495 [1987]). Defendant failed to preserve for our review his contentions that County Court erred in its handling of jury notes Nos. 2 and 3 (*see People v Nealon*, 26 NY3d 152, 158 [2015]). We reject defendant's contention that the court's handling of the jury notes constituted mode of proceedings errors and thus preservation is not required (*see generally People v O'Rama*, 78 NY2d 270, 279 [1991]). Defendant also failed to preserve for our review his contention that the court did not provide a meaningful response to the jury's request in note No. 3 for a readback of "all the testimony" of the victim (*see People v Morris*, 27 NY3d 1096, 1097 [2016]). Contrary to defendant's contention, the court's alleged failure to provide a meaningful response to jury note No. 3 does not constitute a mode of proceedings error for which preservation is not required (*see People v Mack*, 27 NY3d 534, 540-541 [2016], *rearg denied* 28 NY3d 944 [2016]). We decline to exercise our power to review defendant's contentions with respect to the jury notes as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]). Defendant's claim of ineffective assistance of counsel with respect to jury note No. 3 lacks merit.

Although we agree with defendant that the procedure in CPL 270.15 (2) with respect to the sequence for exercising challenges for cause to prospective jurors was violated during jury selection, we conclude that defendant waived any challenge thereto by failing to object (*see generally People v Boylan*, 190 AD2d 1043, 1043 [1993], *lv dismissed* 81 NY2d 882 [1993], *lv denied* 81 NY2d 967 [1993]).

Defendant further contends that the court erred in admitting in evidence the testimony of a sexual assault nurse practitioner who examined the victim because it was based entirely on inadmissible hearsay that constituted improper bolstering of the victim's testimony. Defendant failed to preserve that contention for our review (*see People v Erle*, 83 AD3d 1442, 1443 [2011], *lv denied* 17 NY3d 794 [2011]), and we decline to exercise our power to review that contention as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]).

We reject defendant's contention that he was denied due process because the sentence imposed was based upon the Judge's personal religious beliefs. The statements of the Judge "do not, [per se], indicate that the Judge's imposition of sentence herein was in any way based upon his personal

religious beliefs" (*People v Berrios*, 176 AD2d 547, 549 [1991], *lv denied* 79 NY2d 824 [1991]), and the court properly considered the appropriate factors in sentencing defendant (*see generally People v Farrar*, 52 NY2d 302, 305-306 [1981]). Finally, the sentence is not unduly harsh or severe. Present— Centra, J.P., Peradotto, Carni and Lindley, JJ.