People v Timmons (2018 NY Slip Op 06644)





People v Timmons


2018 NY Slip Op 06644


Decided on October 5, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 5, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., PERADOTTO, CARNI, CURRAN, AND WINSLOW, JJ.


920 KA 01-01201

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
DENNIS TIMMONS, DEFENDANT-APPELLANT. 






BRIDGET L. FIELD, ROCHESTER, FOR DEFENDANT-APPELLANT. 
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (SCOTT MYLES OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Monroe County Court (Stephen R. Sirkin, J.), entered April 3, 2001. The judgment convicted defendant, upon a jury verdict, of murder in the second degree. 
It is hereby ORDERED that the case is held, the decision is reserved and the matter is remitted to Monroe County Court for further proceedings in accordance with the following memorandum: On a prior appeal (People v Timmons, 299 AD2d 861 [4th Dept 2002]), we affirmed the judgment convicting defendant upon a jury verdict of murder in the second degree (Penal Law § 125.25 [2]). We subsequently granted defendant's motion for a writ of error coram nobis on the ground that appellate counsel had failed to raise an issue on appeal that may have merit, i.e., whether County Court erred when it allegedly failed to comply with CPL 310.30 in regard to court exhibit 3, a note from the jury during its deliberations (People v Timmons, 142 AD3d 1400 [4th Dept 2016]), and we vacated our prior order. We now consider the appeal de novo.
CPL 310.30 requires that, in response to a jury request for additional information or instruction, including "with respect to the content or substance of any trial evidence," the trial court "must direct that the jury be returned to the courtroom and, after notice to both the people and counsel for the defendant, and in the presence of the defendant, must give such requested information or instruction as the court deems proper." The statute "imposes two responsibilities on trial courts upon receipt of a substantive note from a deliberating jury: the court must provide counsel with meaningful notice of the content of the note, and the court must provide a meaningful response to the jury" (People v Mack, 27 NY3d 534, 536 [2016], rearg denied 28 NY3d 944 [2016]; see People v Parker, — NY3d &mdash, &mdash, 2018 NY Slip Op 04776, *1 [2018]; People v O'Rama, 78 NY2d 270, 276-277 [1991]). "[M]eaningful notice means notice of the actual specific content of the jurors' request' " (Mack, 27 NY3d at 538, quoting O'Rama, 78 NY2d at 277). "When the trial court paraphrases or summarizes a jury note, thereby failing to provide counsel with meaningful notice of the specific content of the note, a mode of proceedings error occurs, because counsel cannot be expected to object to the court's response to the jury or to frame an intelligent suggested response if counsel lacks knowledge of the specific content of a substantive jury note' " (id. at 541, quoting People v Nealon, 26 NY3d 152, 157 [2015]; see People v Morrison, — NY3d &mdash, &mdash, 2018 NY Slip Op 04777, *1-2 [2018]). "In other words, a trial court's failure to read [a] note verbatim deprive[s] counsel of the opportunity to accurately analyze the jury's deliberations and frame intelligent suggestions for the court's response' " (Nealon, 26 NY3d at 157, quoting People v Kisoon, 8 NY3d 129, 135 [2007]).
Defendant contends that the court committed a mode of proceedings error by failing to provide counsel with meaningful notice of the specific content of the jury note requesting readbacks of the testimony of five witnesses, some of which the jury requested be provided in a particular order. Here, the trial transcript indicates that the court informed defense counsel of the existence of the note and most of its contents, but "there is no indication that the entire contents [*2]of the note were shared with counsel" (People v Walston, 23 NY3d 986, 990 [2014]; see Morrison, — NY3d at &mdash, 2018 NY Slip Op 04777, *1). Rather, the transcript reflects that the court initially paraphrased the note outside the presence of the jury and then read part of the note verbatim in the jury's presence, but in each instance the court entirely omitted any reference to the jury's request for the testimony of the medical examiner and for that witness's testimony to be read first. The court's recitation of the jury note, as transcribed, was thus "hardly a fair substitute for defense counsel's own perusal of the communication' " (Walston, 23 NY3d at 990, quoting O'Rama, 78 NY2d at 277).
Nonetheless, the People contend that no mode of proceedings error actually occurred, and thus that defendant was required to preserve his contention, because the court reporter inadvertently omitted from the transcript the court's on-the-record, verbatim recitation of the note in open court prior to responding to the jury. In support of that contention, the People rely upon the affidavit of the court reporter that was submitted in opposition to defendant's motion for a writ of error coram nobis. Defendant asserts that we cannot consider the court reporter's affidavit because it is not part of the stipulated record on de novo appeal and is not a document that constituted a part of the underlying prosecution (see 22 NYCRR former 1000.4 [a] [1] [i], [iii]). Indeed, the People stipulated to the record without seeking to amend the transcript (see CPLR 5525 [c] [1]; see also 22 NYCRR former 1000.4 [a] [1] [ii]), rely upon an affidavit that does not constitute a part of the underlying prosecution (see 22 NYCRR former 1000.4 [a] [1] [iii]), and have not submitted a supplemental transcript certified by the court reporter that would fall within the parties' stipulation to submit the trial transcripts to this Court (cf. People v Davis, 106 AD3d 1510, 1511 [4th Dept 2013], lv denied 21 NY3d 1073 [2013]). It is well established, however, that "[p]arties to an appeal are entitled to have that record show the facts as they really happened at trial, and should not be prejudiced by an error or omission of the stenographer" (People v Bethune, 29 NY3d 539, 541 [2017]; see People v Marzug, 280 AD2d 974, 974 [4th Dept 2001], lv denied 96 NY2d 904 [2001]; People v Buccufurri, 154 App Div 827, 828 [2d Dept 1913]). Thus, under the circumstances of this case, we take judicial notice of our own records, i.e., the court reporter's affidavit submitted in opposition to defendant's motion for a writ of error coram nobis (see People v Comfort, 278 AD2d 872, 873 [4th Dept 2000]; People v Coppersmith, 39 AD2d 947, 947 [2d Dept 1972])
In her affidavit, the court reporter averred that, although the transcript indicates that the court stated that the jury requested readbacks of the testimony of only four witnesses, the transcript inadvertently omits from the court's recitation of the note the jury's request for a readback of the testimony of a fifth witness—the medical examiner. The court reporter's affidavit thus indicates that a stenographic error may have resulted in a transcript that does not accurately reflect whether the court read the entire content of the note verbatim in open court prior to responding to the jury. We conclude that the alleged error in the transcript of the court's on-the-record reading of the note should be subject to a reconstruction hearing because "[t]he trial judge is the final arbiter of the record' certified to the appellate courts" (Bethune, 29 NY3d at 541, quoting People v Alomar, 93 NY2d 239, 247 [1999]; see Judiciary Law § 7-a; Bethune, 29 NY3d at 544 [Fahey, J., concurring]; cf. Parker, — NY3d at &mdash, 2018 NY Slip Op 04776, *3-5; Morrison, — NY3d at &mdash, 2018 NY Slip Op 04777, *1-2). We therefore hold the case, reserve decision, and remit the matter to County Court for that purpose.
Entered: October 5, 2018
Mark W. Bennett
Clerk of the Court