People v Timmons (2020 NY Slip Op 02448)





People v Timmons


2020 NY Slip Op 02448


Decided on April 24, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 24, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., PERADOTTO, CARNI, CURRAN, AND WINSLOW, JJ.


1235 KA 01-01201

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
DENNIS TIMMONS, DEFENDANT-APPELLANT. 






BRIDGET L. FIELD, ROCHESTER, FOR DEFENDANT-APPELLANT. 
DENNIS TIMMONS, DEFENDANT-APPELLANT PRO SE.
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (SCOTT MYLES OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Monroe County Court (Stephen R. Sirkin, J.), entered April 3, 2001. The appeal was held by this Court by order entered October 5, 2018, decision was reserved and the matter was remitted to Monroe County Court for further proceedings (165 AD3d 1597 [4th Dept 2018]). The proceedings were held and completed. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: On a prior appeal (People v Timmons, 299 AD2d 861 [4th Dept 2002], lv denied 99 NY2d 585 [2003]), we affirmed the judgment convicting defendant upon a jury verdict of murder in the second degree (Penal Law § 125.25 [2]). We subsequently granted defendant's motion for a writ of error coram nobis on the ground that appellate counsel had failed to raise an issue on appeal that may have merit, i.e., whether County Court (Sirkin, J.; hereafter, trial court) erred when it allegedly failed to comply with CPL 310.30 in regard to court exhibit 3, a note from the jury during its deliberations (People v Timmons, 142 AD3d 1400 [4th Dept 2016]), and we vacated our prior order.
Upon our consideration of the appeal de novo (People v Timmons, 165 AD3d 1597 [4th Dept 2018]), defendant contended that the trial court committed a mode of proceedings error by failing to provide defense counsel with meaningful notice of the specific content of the jury note requesting readbacks of the testimony of five witnesses, some of which the jury requested be provided in a particular order. We concluded that "the trial transcript indicate[d] that the [trial] court informed defense counsel of the existence of the note and most of its contents, but there [was] no indication that the entire contents of the note were shared with counsel' " (id. at 1598, quoting People v Walston, 23 NY3d 986, 990 [2014]). Rather, "the transcript reflect[ed] that the [trial] court initially paraphrased the note outside the presence of the jury and then read part of the note verbatim in the jury's presence, but in each instance the [trial] court entirely omitted any reference to the jury's request for the testimony of the medical examiner and for that witness's testimony to be read first" (id.). Nonetheless, upon taking judicial notice of our own records in the form of a court reporter's affidavit submitted by the People in opposition to defendant's motion for a writ of error coram nobis, we further concluded that the affidavit "indicate[d] that a stenographic error may have resulted in a transcript that [did] not accurately reflect whether the [trial] court read the entire content of the note verbatim in open court prior to responding to the jury" (id. at 1599-1600). We thus held the case, reserved decision, and remitted the matter to County Court (Renzi, J.; hereafter, hearing court) for the purpose of a reconstruction hearing regarding the alleged error in the transcript of the trial court's on-the-record reading of the jury note (id. at 1600).
During the reconstruction hearing, the court reporter testified that, upon review of her stenographic notes from the trial and other contemporaneous handwritten notes, she determined that she had inadvertently omitted portions of the trial court's reading of the jury note from the [*2]transcript. The court reporter thus prepared a revised transcript, which was admitted in evidence, reflecting that the trial court had, in fact, read the entire contents of the jury note both outside the presence of the jury and in the jury's presence, including the request for the testimony of the medical examiner and for that witness's testimony to be read first. The hearing court credited the court reporter's testimony and concluded that the revised transcript was a true and accurate record of what really happened at trial. We now affirm the judgment of conviction.
Defendant contends in his main and pro se supplemental briefs that the record does not support the hearing court's determination because the court reporter's testimony was not credible. We reject that contention. "Resolution of issues of credibility and the weight to be accorded to the evidence presented are primarily questions to be determined by the hearing court, which has the advantage of hearing and seeing the witnesses" (People v James, 221 AD2d 963, 963 [4th Dept 1995]; see generally People v Prochilo, 41 NY2d 759, 761 [1977]). Upon our review of the record of the reconstruction hearing, we perceive no basis to disturb the hearing court's credibility determination (see People v Cohen, 12 AD3d 1134, 1135 [4th Dept 2004]). We conclude that the People established by a preponderance of the evidence that the revised transcript accurately reflects the trial court's on-the-record reading of the jury note (see generally id.).
Inasmuch as the revised transcript establishes that the trial court "complied with its core responsibility to give counsel meaningful notice of the jury[ ] note[,] . . . no mode of proceedings error occurred, and counsel was required to object in order to preserve a claim of error for appellate review," which defense counsel failed to do here (People v Nealon, 26 NY3d 152, 160 [2015]). In any event, the revised transcript establishes that the trial court complied with CPL 310.30 in accordance with the procedure set forth in People v O'Rama (78 NY2d 270 [1991]; see People v Geroyianis, 96 AD3d 1641, 1643 [4th Dept 2012], lv denied 19 NY3d 996 [2012], reconsideration denied 19 NY3d 1102 [2012]). Defendant also failed to preserve for our review his contention that the trial court did not provide a meaningful response to the jury's request for readbacks of testimony (see People v Morris, 27 NY3d 1096, 1098 [2016]), and the trial court's alleged failure does not constitute a mode of proceedings error for which preservation is not required (see People v Mack, 27 NY3d 534, 540-541 [2016], rearg denied 28 NY3d 944 [2016]; People v Newton, 147 AD3d 1463, 1464 [4th Dept 2017], lv denied 29 NY3d 1084 [2017]). We decline to exercise our power to review that contention as a matter of discretion in the interest of justice (see CPL 470.15 [6] [a]).
Defendant failed to preserve for our review his further contention that he was deprived of a fair trial by prosecutorial misconduct on summation inasmuch as he did not object to any alleged instances thereof (see People v Black, 137 AD3d 1679, 1680 [4th Dept 2016], lv denied 27 NY3d 1128 [2016], reconsideration denied 28 NY3d 1026 [2016]). In any event, we conclude that most of the alleged improprieties "were fair comment on the evidence and fair response to defense counsel's summation . . . and, to the extent that the prosecutor made inappropriate remarks, . . . they were not so pervasive or egregious as to deny defendant a fair trial' " (People v Edwards, 159 AD3d 1425, 1426 [4th Dept 2018], lv denied 31 NY3d 1116 [2018]). Contrary to defendant's related contention, inasmuch as he was not denied a fair trial by any alleged improper comments during the prosecutor's summation, we further conclude that " defense counsel's failure to object to those [comments] does not constitute ineffective assistance of counsel' " (People v Swan, 126 AD3d 1527, 1527 [4th Dept 2015], lv denied 26 NY3d 972 [2015]; see Edwards, 159 AD3d at 1426).
Defendant failed to preserve for our review his contention that the jury instructions and verdict sheet were erroneous (see People v Bolling, 49 AD3d 1330, 1332 [4th Dept 2008]; People v Man Kwong Yeung, 216 AD2d 953, 953 [4th Dept 1995], lv denied 86 NY2d 873 [1995], reconsideration denied 88 NY2d 967 [1996]; see generally People v Robinson, 88 NY2d 1001, 1001-1002 [1996]). We decline to exercise our power to review that contention as a matter of discretion in the interest of justice (see CPL 470.15 [6] [a]). We reject defendant's related contention that defense counsel was ineffective for failing to object to the jury instructions and verdict sheet inasmuch as "[t]here can be no denial of effective assistance of trial counsel arising from counsel's failure to make a motion or argument that has little or no chance of success' " (People v Caban, 5 NY3d 143, 152 [2005]; see generally Bolling, 49 AD3d at 1332).
Finally, we conclude that the remaining contention in defendant's pro se supplemental brief is not properly before us (see People v Wilson, 14 NY3d 895, 897 [2010]; People v Cameron, 209 AD2d 159, 160 [1st Dept 1994]).
Entered: April 24, 2020
Mark W. Bennett
Clerk of the Court